ANDERSON *et al.* v. RAGAN, *Appellant.*

DIVISION TWO.

1. **Partition**: DISCRETION OF TRIAL COURT: COMMISSIONERS' REPORT. The approval or rejection of the commissioners' report in a partition suit against the objection that the allotment of the land was unequal rests largely in the discretion of the trial court.

2. —— : ——. The supreme court will not interfere with such discretion where it does not appear that it was unwisely exercised.

*Appeal from Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

AFFIRMED.

*Johnson & McNeil* and *Burr & Burr* for appellant.

(1) Equity courts have jurisdiction of partition cases. 1 Story Eq. Jur., secs. 646, 658, and cases cited; *Saving Inst. v. Collonius*, 63 Mo. 290; *Edwards v. Phillips*, 73 Mo. 60; *Spitz v. Wells*, 18 Mo. 468. (2) And the chancellor's finding of "fact" is reviewable in the appellate court. *Hardware Co. v. Wolters*, 91 Mo. 484; *State ex rel. v. Hurlstone*, 92 Mo. 332; *Murphy v. Murphy*, 1 Mo. 741; *Bender v. Markle*, 37 Mo. App. 242. (3) And the appellate court, in such cases, will weigh the evidence to see that substantial justice is done to all the parties to the suit. *Heirs of Hanna v. Hanna*, 46 Mo. 314; *Pomeroy v. Allen*, 60 Mo. 530; *Green v. Walker*, 99 Mo. 68. (4) The appellant, under the evidence in this case, is injured by the allotment made in the partition of the seventy-five and three-tenths acres. (5) The injury is of such a nature and extent as will justify the court in setting aside the commissioners' report.

*F. L. Wilkinson* for respondents.

(1) The proceeding to partition real estate is statutory in this state, and it is but an ordinary civil action to be tried by the court. R. S. 1879, ch. 56; R. S. 1889, ch. 122; *Green v. Walker*, 99 Mo. 168. (2) This being a proceeding at law, no instructions asked or given on either side, no objections to the admittance or rejection of testimony, no exceptions made or saved to the rulings of the court, or to the record proper, there is nothing for review, and the appellant has no standing in this court. *State v.*

*Miller*, 93 Mo. 263; *State v. Havens*, 95 Mo. 167; *State v. Rambo*, 95 Mo. 462; *Rambo v. Campbell*, 8 Mo. App. 582; *McCord v. Doniphan*, 21 Mo. App. 92; *State v. Boyne*, 88 Mo. 604; *State v. Reed*, 89 Mo. 168. (3) The fact that an equitable defense may be pleaded to an action at law will not have the effect of changing a common-law action into a suit in equity, but, even in equity, the supreme court will defer largely to the opinion of the trial court. *Wolf v. Schaeffer*, 74 Mo. 154; *Carter v. Prior*, 78 Mo. 222; *Erskine v. Loewenstein*, 82 Mo. 301; *Mathias v. O'Neil*, 94 Mo. 520; *Hard v. Foster*, 98 Mo. 308. (4) The confirmation or rejection of the report of the commissioners in partition proceedings rests mainly in the discretion of the trial court, and, except for the most cogent reasons, it will not be disturbed or reversed by the supreme court. *Pomeroy v. Allen*, 60 Mo. 530. (5) Where no instructions are asked or given and no questions of law presented as to the rulings of the trial court, the supreme court will not undertake to weigh the evidence to determine whether it justifies the finding therein, or reverse its judgment upon "simply a conflict of evidence between witnesses." *Altum v. Arnold*, 27 Mo. 264; *Easly v. Elliott*, 43 Mo. 289; *Hamilton v. Boggess*, 63 Mo. 251; *Pike v. Martindale*, 91 Mo. 268; *Mead v. Spalding*, 94 Mo. 43.

GANTT, P. J.—Joseph C. Anderson died intestate at his residence, near Big Blue River, about six miles east of the center of Kansas City, in Jackson county, Missouri, in 1884, owner of the tract of land containing seventy-five and three-tenths acres; he left as his only heirs at law seven children: Jerome, Mattie, George F., Emily, Charley, Ella and William, the last four of whom are infants. The estate was duly administered, and Jerome sold his interest in the realty to S. C. Schaefer, who subsequently transferred it to McKinney and Munford.

At the January term, 1888, of the Jackson county circuit court, George F. and Mattie began proceeding for partition of said lands against all the other heirs,. also, the assignees of Jerome's interest and all others having an interest in the lands. All the defendants, including guardian *"ad litem,"* were before the court by its process, and commissioners were appointed to make the partition, which was done. Said commissioners laid out streets and avenues and divided each tract into seven different lots, and numbered them from 1 to 7, and returned a plat of each tract with their report to the court. In the seventy-five and three-tenths-acre tract, lot 1 is allotted to McKinney and · Munford, lot 2 to Charley Anderson, lot 3 to Emily Anderson, lot 4 to George F. Anderson, lot 5 to Mattie Anderson, lot 6 to William Anderson, and lot 7 to Ella Anderson. Each lot contains nine and three-tenths acres, and is valued at $27,900; the whole estate partitioned $253,260. A street or avenue encircles the whole tract of seventy-five · and three-tenths acres. Twelfth street on the south, Anderson avenue on the east and north, Piedmont avenue on the west, and Ninth street passes through the land, separating lot 1 from the other lots. Each lot fronts upon a street or avenue, and lot 1 is bounded on all sides with a street or avenue. A correct plat was filed by the commissioners with their report, and filed with transcript of the case here.

Alexander Ragan, who brings this case here by appeal in some way not disclosed in this record, claims to be the owner of Jerome Anderson's share of the estate of his father in these lands. It seems to be conceded in the argument that Alexander Ragan had purchased the interest of Wm. McKinney and Morrison Munford, and he was accordingly recognized as such owner by the circuit court of Jackson county, and permitted to appear by counsel and file exceptions to the report of the commissioners, as follows:

*First.* Because the allotment made by the commissioners is unfair, and does not divide the lands proportionate in value to the several interests involved.

*Second.* Because the interests of all parties concerned are equal, and the division in partition is unequal in value and prejudicial to the interest of this defendant, in that the allotment made to him being equal in quantity and area is less valuable for the reasons that it is irregular in shape and surface and less convenient to public convenience and transportation, and subject to overflow.

*Third.* Because the commissioners herein compromised their said report at the time of making the same.

At the April term, 1888, of said court the exceptions were taken up and heard upon the evidence thereto. The appellant, including himself and father, introduced seven witnesses. The respondents introduced four witnesses, and then also offered the three commissioners who made the partition, William Vineyard, Ancel Collins and P. H. Grinter; "but the court being sufficiently advised decided it was unnecessary to hear them," and thereupon rendered the following judgment: "The only matter of contention by the evidence is as to the value of the allotments made, and upon this subject there is simply a conflict of evidence between the witnesses. Thereupon the court finds for the plaintiffs, Geo. F. Anderson and others in this suit. It is the opinion of the court that the exceptions to the commissioners' report should be overruled, is so ordered, and overruled by the court." To which judgment and opinion of the court Alexander Ragan excepted, and appealed to this court. No instructions were asked or given on either side; no exceptions to any evidence offered or excluded were saved.

All questions of law from the filing of the petition to the rendition are left unchallenged, and the case is here upon the single proposition that the circuit court

erred in its judgment in refusing to set aside the report of the commissioners in partition and overruling appellant's motion for that purpose.

The trial judge had the witnesses before him. He knew them, and is better able to judge of the value of their evidence and opinions than we possibly can be. However, we have read the evidence, and we are not able to discover any such inequality in the division of these lands as would justify us in interfering with the discretion exercised by the trial court.

The approval or rejection of this report rested mainly in the sound discretion of the circuit judge, and we find no reason to think he has not acted wisely in the premises. The judgment is accordingly affirmed, and the costs of this appeal adjudged against Alexander Ragan. All concur.