STOKER, Judge.
Defendant, William Powers, appeals from a judgment of the trial court ordering a partition in kind of property owned in indivisión by himself and his sister, Gloria Doescher. Mr. Powers argues on appeal that the trial court erred in finding the property susceptible of division in kind and in forming the lots to be drawn by the co-owners. We agree and reverse the judgment of the trial court.
Mrs. Doescher and Mr. Powers each own an undivided one-half interest in the property subject to the partition which consists of approximately 44.22 acres. Mrs. Doescher originally sought a partition by licitation, but later amended her petition seeking a partition in kind. At the trial on the matter, Mrs. Doescher introduced the testimony of William Coleman, a real estate broker and appraiser, who drew up a plat dividing the property into two shares. Mr. Coleman was the sole expert to testify, and the defendant Powers was the only person to testify in opposition to a partition in kind. The trial judge referred the parties to a notary public who was directed to effect the partition in accordance with the plan set out by Mr. Coleman, except that the parties were to draw lots for each one’s share.
There are no improvements on the property to be partitioned. Portions of the property are timberland and portions are pasture. As can be seen on the plan for partition prepared by Mr. Coleman and attached to this opinion as Exhibit One, there are several drains throughout the property. There was testimony that there are portions of low land subject to flooding and some high land. Also depicted in the exhibit is the uneven boundary around the property, particularly on the south side which fronts on Luke Powers Road. Various lots have been carved out of that frontage including one separately owned by Mr. Powers.
In making his division of the property, Mr. Coleman stated that he did not consider the actual cash value of the property, only the value of the shares relative to each other. He also did not consider the amount of timber on each share or any other similar feature. Apparently, Mr. Coleman’s division was influenced by the frontage property to be allotted to each share. Mr. Coleman testified that he was asked by Mrs. Doescher to divide the property so that Mr. Powers’ share would be contiguous to the lot he presently owns. In order to divide the property into two portions of equal value, Mr. Coleman first considered that portion which fronts on Luke Powers Road. The only portion of the east end of the property which is still adjacent to the road is mostly marsh and thus not very valuable as frontage property. In order to compensate for the difference in frontage, Mr. Coleman carved out a portion of the frontage immediately west of the lot marked as belonging to Howard Manuel. This portion marked “B” was intended to go with the larger portion mark *1173 ed “B” which covers most of the east end of the property. The two “B” portions are not contiguous.
Mr. Coleman also allotted to the larger of the two “B” portions a right-of-way across the northeast corner of the “A” portion, noting that the only other access to the larger part of the “B” portion consists of that small frontage property which is not included in the marsh. Mr. Coleman stated that without the right-of-way the “A” and “B” portions would not be equal in value; yet, the trial judge ordered that the partition be made without reference to the right-of-way. We note that in drawing up the plat Mr. Coleman contemplated that Mr. Powers would receive the “A” portion which would contain 21.78 acres and Mrs. Doescher would receive the “B” portion which would be 22.44 acres.
The trial judge properly refused to designate which portions would go to each party. The allocation of the portions must be by the drawing of lots. Murdock v. Cordova, 180 So.2d 550 (La.App. 3rd Cir.1965). However, in view of the evidence presented at trial, the trial judge was clearly wrong in ordering that the partition in kind be made in accordance with the portions designated by Mr. Coleman. We decide only that the partition as made was improper; we do not reach the question of whether a trial court may itself make the partition leaving it to a court-appointed notary to supervise the drawing of lots. As previously stated, Mr. Coleman testified that the designated portions would not be equal in value without the right-of-way being granted to the owner of portion “B”. Thus, such a division is clearly not in compliance with LSA-C.C. art. 1340 which states:
“It is said that a thing can not be conveniently divided, when a diminution of its value, or loss or inconvenience of one of the owners, would be the consequence of dividing it.”
Under Mr. Coleman’s division, without the right-of-way, the co-owner drawing portion “B” would suffer a clear loss by receiving less than one-half the value of the property. In any event, we are not convinced that the property can be divided with one co-owner having a portion which is subject to a right-of-way in favor of the other co-owner. This would appear to us to be an inconvenience to both of the owners which would prevent a partition in kind. See Hughes v. Heirs of Cain, 268 So.2d 149 (La.App. 1st Cir.1972), writ refused, 271 So.2d 259 (La.1973).
Having determined that the property was improperly partitioned, we now turn to the question of whether the property is susceptible of partition in kind.
As previously described, the parcel to be partitioned contains several different types of property. Most of the frontage lies at the west end of the property which would leave the east end virtually inaccessible if the division were made on a north-south line. A division made on an east-west line would leave the north portion of the property with no frontage. The varying types of property on the land, along with the uneven boundaries, convince us that the property is not susceptible of division in kind. Where the record clearly shows that the property cannot be divided in kind, there is no need to require additional testimony. McElwee v. McElwee, 255 So.2d 883 (La.App.2d Cir.1971), writs denied, 260 La. 861, 257 So.2d 434 (1972).
For the reasons given above, the judgment of the trial court is reversed, and it is hereby ordered that the property in question be partitioned by licitation. The matter is remanded for further proceedings in accordance with the views expressed herein. Costs of this appeal are assessed to plaintiff-appellee, Gloria P. Doescher.
REVERSED AND REMANDED.
*1174 [[Image here]]
*1175 [[Image here]]
*1176 [[Image here]]