**Nellie E. GENETTI, Plaintiff–Appellant,**

v.

**Paul R. KESTERSON,
Defendant–Respondent.**

No. 15972–2.

Missouri Court of Appeals,
Southern District,
Division Two.

, July 18, 1989.

Motion for Rehearing or Transfer to
Supreme Court Denied Aug. 10, 1989.

Application to Transfer Denied
Sept. 12, 1989.

Margaret M. Ellis and John G. Newberry, Schroff, Glass & Newberry, P.C., Springfield, for plaintiff-appellant.

John W. Sims, Haymes, Sims and Thompson, Marshfield, for defendant-respondent.

MAUS, Judge.

In this action the circuit court ordered that 190 acres be partitioned in kind between appellant Nellie E. Genetti and respondent Paul R. Kesterson. Each owned a one-half interest. The commissioners allotted 80 acres to appellant and 110 acres to respondent. The circuit court overruled appellant's exceptions to the commissioners' report. Appellant states three points on appeal.

Her first point is that the circuit court erred in confirming the report of the commissioners for the reason that the "[d]ivision was an inequitable and disproportionate division because of the disparity in quality and quantity in the two allotted parcels." To support this point, appellant relies upon the difference in the number of acres. She also cites the fact a house and barn are located on the 110 acres. Respondent responds that the tract of 80 acres is on a blacktop road, is suitable for subdividing, is better land and has an ever-flowing spring. He also cites the fact the house and barn are very old, the house had been vandalized and is unlivable. Further, he argues that though the 110 acres adjoins property he owns, it is otherwise landlocked.

Rule 96.16 in relevant part provides: "The court may, *for good cause*, set

aside the report and appoint new commissioners or may confirm the report and order judgment thereon." (emphasis added.) Logic dictates that such "good cause" must be that the commissioners did not carry out their duty. That duty as described by statute is to "divide the lands and tenements, and allot the several portions and shares thereof to the respective parties, quantity and quality relatively considered by them." § 528.260. Whether or not that duty has been performed is to be determined by the equality of the division. That equality is not to be decided by the number of acres but all factors bearing on value. Appellant testified she had no idea of the value of either tract. Respondent's testimony concerning value was to the same effect.

"However, we have read the evidence, and we are not able to discover any such inequality in the division of these lands as would justify us in interfering with the discretion exercised by the trial court. The approval or rejection of this report rested mainly in the sound discretion of the circuit judge, and we find no reason to think he has not acted wisely in the premises." *Anderson v. Ragan*, 105 Mo. 406, 411, 16 S.W. 946, 947 (1891). Appellant's first point is denied.

Her second point is that the circuit court erred in confirming the commissioners' report "because the commissioners specifically assigned parcels to the parties rather than assigning the parcels by lot." The transcript of the hearing upon her exceptions to the commissioners' report is sufficient to deny this point. There is nothing in the record to establish the commissioners did not divide the property into two parcels of equal value and decide by lot or by chance which party got which parcel.

However, such denial need not rest upon such a narrow basis. In support of the point appellant cites *Tri-State Concrete Co., Inc. v. Stephens*, 406 So.2d 205 (La. 1981) and *Doescher v. Powers*, 447 So.2d 1171 (La.App. 3rd Cir.1984). However, those cases applied a statute which required assignment by lot. The statutes and rules in this state contemplate the commissioners will divide the property into parcels and in their report describe the parcels allotted to each party. Rule 96.15; § 528.260; § 528.280. See 10 Mo.Prac. (Wheaton) 1988 P.P., Rule 96.15—Form 1. Commissioners' Report. It is not appropriate in this case to decide if it would be error for the commissioners in preparing their report to determine the allotment of the parcels by chance. See Annot., Judicial Partition of Land by Lot or Chance, 32 A.L.R.4th 909 (1984). Nothing in the applicable rules and statutes requires the commissioners to reach their decision in that manner. The second point has no merit.

Appellant's third point is that the circuit court erred in confirming the commissioners' report because that report contained a phrase "or if that division cannot be agreed upon by the parties, then a partition sale be ordered by the Webster County Circuit Judge." The commissioners had no authority to direct the property should be sold. That phrase did not contradict the commissioners' report that their allocation was an equitable division. The phrase did not constitute good cause for setting the report aside within the meaning of Rule 96.16. The court expressly found the division reported was "just and correct". It did not err in regarding the quoted phrase as surplusage. The appellant's last point has no merit. The judgment is affirmed.

PREWITT, P.J., and HOGAN, J., concur.