Larry VON BEHREN, et al.,
Plaintiffs/Appellants,

v.

Shirley OBERG, Defendant/Respondent.

No. 66146.

Missouri Court of Appeals,
Eastern District,
Northern Division.

June 20, 1995.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 24, 1995.

P. Daniel Billington, Briegel, Baylard, P.C., Union, for appellants.

Walter D. McQuie, Jr., Montgomery City, for respondent.

CRANDALL, Judge.

Plaintiffs, Larry L. Von Behren and Nancy C. Von Behren, appeal from the trial court's judgment in a partition action between plaintiffs and defendant, Shirley Oberg. We affirm.

Plaintiffs owned a three-fourths interest in real property consisting of 170 acres in Montgomery County, Missouri (hereinafter property). The property consisted of "some bottom land, some hill ground, some ridge ground and also [a] top field." The Loutre River flowed through the property, cutting off a bottom field. The property was accessible by an easement for a roadway over properties owned by others. The one and one-half mile roadway was mostly dirt and some rock and was in need of extensive repair. There was an old house on the property which plaintiffs valued at $1,000.00 because of its dilapidated condition. Plaintiffs valued the property at $65,000.00.

Defendant owned a one-fourth interest in the property. Her expert, the Gasconade County surveyor and a licensed real estate broker, valued the property at $80,000.00.

He testified that the property was capable of being divided to accommodate the respective interests of the parties and that the resultant smaller parcels were more valuable than the property as a whole.

The trial court found that the property was susceptible to division in kind and ordered partition. The commissioners appointed by the court divided the property, allotting defendant 50 acres subject to an easement for ingress and egress and allotting plaintiffs the remaining 120 acres together with an easement for ingress and egress. The court overruled plaintiffs' exceptions to the commissioners' report. Plaintiffs appeal.

In their first point, plaintiffs contend the trial court erred in ordering a partition in kind of the property. They argue that the diverse topography of the land, the difficulties in accessing the land, and some potential boundary disputes rendered the property incapable of division without great prejudice to the parties.

■ In partition, a division in kind is favored unless it would result in great prejudice to the owners. *First Nat. Bank of Carrollton v. Eucalyptus,* 752 S.W.2d 456, 458 (Mo.App.1988). Partition is a question of fact for the trial court; and the findings of the trial court are afforded great weight if there is substantial evidence to support them. *Rector v. Mo. Dept. of Natural Resources,* 685 S.W.2d 225, 229 (Mo.App.1984) (citing *Gebauer v. Gebauer,* 165 S.W.2d 333, 335 (Mo.App.1942)). The test of whether partition in kind would result in great prejudice to the owners is whether or not the value of the share of each, after partition, would be materially less than the share of the money equivalent that each could probably obtain from the whole. *Eucalyptus,* 752 S.W.2d at 458.

■ There was substantial evidence in the record from which the trial court could have found that partition in kind would not result in great injury to the parties. Defendant's expert testified that it was feasible to divide the land between the parties. The expert was experienced in dealing with real estate in Montgomery County and the neighboring counties and in dividing larger pieces of property in those counties into smaller tracts

which he then sold as "recreational properties." In his opinion, the property was more valuable divided into smaller tracts than it was in its entirety. *Compare Eucalyptus,* 752 S.W.2d at 459 (partition in kind not as feasible where potential purchasers expressed interest in purchasing entire property, but not a portion thereof). The nature of the property permitted a division which resulted in each party receiving a parcel that incorporated the various terrains found on the property and that could be accessed by the existing road. *Compare Leland Stanford Junior University v. Treat,* 170 S.W.2d 115 (Mo.App.1943) (partition would result in great prejudice to five owners where the property consisted of 120 acres of well improved rolling land south of highway and 80 acres of unimproved flat land north of highway underlaid with hardpan and with a large ditch crossing north portion thereof; and where, after partition, one parcel would be without a road to reach it). The trial court did not err in ordering partition in kind. Plaintiffs' first point is denied.

In their second point, plaintiffs claim the trial court erred in confirming the commissioners' division of the property.

■ Rule 96.12 authorizes the court to appoint three commissioners to make the partition. Rule 96.16 permits the court either to set aside the commissioners' report "for good cause" or to confirm the report and order judgment thereon. "Good cause" must be that the commissioners did not carry out their duty. *Genetti v. Kesterson,* 775 S.W.2d 536, 537 (Mo.App.1989). That duty as described by statute is to "divide the lands and tenements, and allot the several portions and shares thereof to the respective parties, quantity and quality relatively considered by them...." § 528.260, RSMo (1994).

■ The approval or rejection of the commissioners' report rests in the sound discretion of the trial court. *Genetti,* 775 S.W.2d at 537. The commissioners act at the direction of the court and the court delineates the scope of their duty. If the court orders partition in kind, the commissioners' function is to aid the court in fashioning the partition. If the commissioners find they are

unable to partition the property in kind without great prejudice to the parties, their sole alternative is to inform the court that they are unable to accomplish its directive. The court, not the commissioners, may then order a sale of the property. *See* Rule 96.18.

In determining whether the commissioners performed their duty when partition in kind is ordered, the court looks to the equality of the division. *Genetti*, 775 S.W.2d at 537. Equality is not to be decided by the number of acres but by all factors bearing on value. In *Genetti*, 775 S.W.2d at 536, the appellate court held that the commissioners' division of property, which allotted 110 acres to a one-half owner and 80 acres to the other one-half owner, was not so disproportionate as to demonstrate that they did not perform their duty.

In the case before us, the court appointed commissioners to partition the property in kind and to make a report of their proceedings "according to law." The commissioners' report stated that they personally viewed the property. They allocated to defendant 50 acres, 7.5 acres more than her one-fourth share; and to plaintiffs 120 acres, 7.5 acres less than their three-fourths share. From the record, we cannot say that the division of the property was so inequitable as to justify our interference with the trial court's discretion. Also, there is nothing in the record to indicate that the commissioners did not act in accordance with the court's directive. Plaintiffs' second point is denied.

The judgment of the trial court is affirmed.

GRIMM, C.J. and DOWD, J., concur.