161 So. 19

### JEFFERSON LAKE OIL CO., Inc., v. LOUGHRIDGE et al.

No. 33241.

April 1, 1935.

J. E. Kibbe, Jr., of Abbeville, for appellants.

J. O. Broussard, of Abbeville, for appellee.

O'NIELL, Chief Justice.

This is a suit for partition of a tract of land having an area of 192 acres in Iberia parish. The plaintiff has a fifth interest in the land; one of the three defendants has three-tenths interest; and each of the two others has a fourth interest. The plaintiff alleged that the land could not be divided in kind without diminution of its value, and prayed for a partition by licitation. The defendants denied that the property could not be divided in kind without diminution of its value, and insisted that the court should order it divided in kind. The judge, after considering the report of two experts whom he appointed to investigate and advise upon the feasibility of dividing the property in kind, and having heard evidence from both sides on the subject, decided that the property could not be divided in kind without diminution of its value, and ordered it sold at public auction, for a division of the proceeds among the co-owners in the proportion of their interests in the property. The defendants have appealed from the decision. The only question is whether the joint ownership should be dissolved by a division of the land in kind or by a public sale of the land and a division of the price; and that question depends upon whether the land can be divided in kind without diminution of its value.

The defendants introduced in evidence on the trial of the case a map of the land, and suggested a plan of division which would give to each one of the coproprietors his proportion in both area and value, approximately if not exactly, and suggested that, if there should be any differences in value, they would be only slight differences which might be compensated in money. That proposition is unavailing, because the plaintiff and the defendants do not agree, and cannot be compelled to agree, upon any particular part of the land to be alloted to the plaintiff for the one-fifth interest in the whole tract. Where a judicial partition of land is to be made by dividing it in kind, it must be divided into lots, of equal or nearly equal value, and the lots must be drawn by chance, and not selected, by the coproprietors. Hence the number of lots must be the lowest common multiple that will allow such a drawing of lots. Grouchy v. Williams, 161 La. 909, 109 So. 545; Raceland Bank & Trust Co. v. Toups, 173 La. 742, 138 So. 652. It is not within the power of the court to order any one of the coproprietors to accept any particular part of the land as his share in a judicial partition. In this case, as we have said, one of the coproprietors has one-fifth interest in the land, another has three-tenths, and each of the two others has one-fourth. As the least or lowest common multiple of 5, 10 and 4 is 20, it would be necessary to divide this land into 20 lots, in order to divide it among the four coproprietors by the method of drawing lots. The record shows—and it is virtually conceded—that a division of this land into 20 lots of equal value, or nearly equal value, is impossible, and that a division into that many lots would greatly reduce the value of the whole property. In fact, the tract has such a peculiar shape, and has buildings on it so situated, that it could not be divided into as many lots even as there are coproprie-

tors, without diminution of its value, as the district judge has explained in his reasons for judgment. The tract has the shape of a triangle, with the apex cut off by the meander of the south shore of Lake Peigneur. Bayou Carlin, which is now a large drainage canal, extends through the whole tract, from north to south; and a public highway, about 60 feet wide, and extending east and west, traverses the triangle near its base. The judge ordered that the tract on the north side of the road should be appraised and sold separately from the tract on the south side of the road. The judge's authority to order the land on one side of the road to be sold separate from the land on the other side is sustained by the ruling in Grouchy v. Williams, supra. The appellants concede that, if the partition must be made by licitation, the two tracts should be sold separately. Our conclusion is that the judgment appealed from is correct.

The judgment is affirmed.