DORÉ, Judge.
This is a suit for partition by lieitation of a tract of land comprising some seventy (70) acres of land in Section 34, Township 12 • South, Range 13 East, in' the Parish of Assumption,- and being the same property acquired by Roann Lusk in 1905.
Plaintiffs, Clarence J. Savoie and. Gus J. Labarre, ■ aver that they are owners in indivisión with the named defendants in the said property. - They set out the various interests of all the owners of..the property, averring that they each own 17/240ths thereof. They aver that Clarence J. Savoie acquired his interest by purchase from the other plaintiff, Gus.J. Labarre^ his' interest being one-half of the interest which
*556 Gus J. Labarre ' acquired as hereinafter set forth; that Gus J. Labarre acquired liis' -interest in the said property by several acts of purchases, all as will be seen by reference to the recorded acts.
Plaintiffs aver that defendant Bertha Fields Lusk Pollard acquired her interest in said property by inheritance from her late husband Junius Lusk, Sr., the son of Roann Lusk' and Susanne Lusk, predeceased, the said Bertha Fields Lusk Pollard having sold one-half of this interest to plaintiff Labarre; that defendant Junius Lusk, Jr. acquired his interest in the property by inheritance from his .late father, Junius Lusk, Sr.; .that defendants Letha Ann Lusk -Chambers, Lotty Lusk Kennedy, Adeline Lusk and Rosa Lusk acquired their interest by inheritance from their late father and mother, Roann Lusk and Susanne Lusk; that defendants Richard West, John West, Edna West Carter, Lennie B. West and Mrs. Pauline West Williams acquired their interest by inheritance. from their late mother, Mary Lusk West, the daughter of Roann and Susanne Lusk, predeceased.
Plaintiffs aver that plaintiff Gus J. La-barre acquired a one-half (1/2) interest of the interest of Rosa Lusk and John West, respectively.
Plaintiffs make the necessary allegations that they are unwilling .to remain any longer as owners in division of said property with the defendants and desire a partition and that the property is not divisible in kind and a public sale of the whole therefore is necessary to effect a partition.
The prayer of the petition is the usual prayer for. a partition by licilation.
All of the defendants were served and were represented in the suit except Mrs. Bertha Fields Lusk Pollard who made no appearance whatsoever in the case and against whom a default was entered and confirmed.
The defendants, with the exception of Mrs. Pollard, filed answers in which they admitted that they, together with Mrs. Pollard, owned' the said property; that they had'-acquired, such interest as alleged in the petition, but .denied that the plaintiffs had acquired any interest in the property; deriied the ratio of ownership among the defendants as set out in the petition and denied that the property could not be divided in kind. In further. answer and in reconvention, defendants and particularly Rosa Lusk alleged that the sale from her, Rosa Lusk, to plaintiff Labarre,where-in she is alleged to have transferred an undivided one-half interest of her title, was null and of no effect and should be set aside and annulled for the reason that the same was fraudulently obtained and, alternatively, that it should be set aside for lesion beyond moiety.
The case came up for trial on the merits on the issues thus joined on January 10, 1951, and some testimony and offerings were presented by the plaintiffs and the case was continued. On May 6, 1952, it again came up for trial.
On the same day, May 6, 1952, attorneys for defendants, except Mrs. Pollard, filed exceptions of no cause or right of actions, setting forth that the will under which Mrs. Pollard and defendant Junius Lusk, Jr. acquired their interest’ had never been probated, and, therefore, had no ef-' feet, and the Court was without jurisdiction to probate the will or determine the rights of the parties until this will was probated. ■ ' ' - .
Plaintiffs then filed .in evidence a certified copy of a judgment of the 18th Judicial District Court for the Parish of -Iberville rendered in fhe Succession of Junius Lusk, Sr., recognizing Mrs. Bertha Fields Lusk and Junius Lusk, Jr. as the legatees of the decedent and as such entitled to the ownership and to be sent and put into possession of the property left by decedent in the proportions of an undivided one-half (1/2) of decedent’s interest to Junius Lusk, •Jr., and an undivided one-fourth (l/4th) of decedent’s interest to Bertha Fields Lusk and an undivided one-fourth (l/4th) of decedents’ interest to Bertha Fields Lusk for the use and benefit of Gus J. Labarre and more particularly in the property involved in this suit This judgment of *557 ^possession was dated February 10, 1951 and was duly recorded on February 20, 1951, in the Conveyance Records of the Parish of Assumption.
The trial court thereupon overruled the exceptions of no cause or right of action and plaintiffs completed their case and rested. The defendants did not offer any evidence and relied upon their exceptions heretofore noted. The trial court rendered judgment in favor of plaintiffs and against defendants ordering a partition of the property by licitation. Defendants have appealed.
In this court, the defendants set out five alleged errors committed by the trial judge:
“(a) The court erred in granting judgment for thé plaintiffs without any' evidence of heirship or fixing of interest of each heir or owner.
“(b) In ordering a partition by lic-itation, when there is no proof that the property • cannot be shared in hind.
“(c) In proceeding with the suit and assuming jurisdiction of the cáse, when it was shown that the will had not been probated, and that the persons supposed to acquire from said will did not have any interest at the time of the filing of the suit, and without compelling the plaintiffs to amend their petition.
“(d) Failure’ to , dismiss the suit when it was shown that the plaintiffs were taking advantage of the defendants, that the defendants had been led into error and that the property had been acquired with the definite understanding that it would be developed for the mutual benefit of all parties.
“(e) Failure to annul the sale when it was shown that plaintiff Labarre purchased his interest for much less than half its value and that the sale was subject to lesion.”
These alleged errors will be taken up as listed.
It is admitted that the property described in the petition5 was purchased by one ■ Roann Lusk in 1905 in community with ■his wife Susanne Lusk. The record' discloses that there were six. children, issue of the marriage of Roann and Susanne Lusk; of these six, there are four survivors; namely: Létha Ann, Adeline, Rosa and Lotty; thus each inherited a one-sixth interest; Mary died leaving five (5) children, namely Richard West, Edna West Carter, John West, Lennie B. West and ’Mrs. Pauline West Williams, thus each inherited a one-thirtieth (l/30th) interest; Junius died leaving a son Junius Lusk, Jr., and a surviving widow, the one-sixth interest of Junius Lusk, Sr.’ descending to Junius, Jr. and his widow Bertha Fields by1 will. The latter statement is made from the defendants’ answer wherein it is admitted that the interest of Junius Lusk, Jr. was acquired by inheritance from his late father, Junius Lusk, Sr., and that the interest of Bertha Fields Lusk was acquired “by virtue of a will made in her favor by her husband”; thus Junius Lusk, Jr. and Bertha Fields Lusk acquired each an undivided one-twelvéth (l/12th) interest. •
The record discloses that plaintiff Gus J. Labarre acquired a half interest of the interest of Jphn West, or one-sixtieth (l./60th), acquired a half interest of the interest of Rosa Lusk, or one-twelveth (l/12th), acquired a half interest of the interest of Bertha Fields Lusk, or a one-twenty-fourth (l/24th), totalling 34/240ths of the whole, Gus J. Labarre sold to plaintiff, Savoie,., an undivided one-half (1/2) of his interest, or 17/240ths of the whole.
The Judge, in his judgment, fixed the interest of each owner as follows: To plaintiffs Savoie and Labarre, each 17/240ths; to Letha Ann Lusk, Lottie Lusk, and Adeline Lusk, each 40/240ths; to Rosa Lusk, 20/240ths; to Junius Lusk, Jr., 20/240ths; to Richard West, Edna West, Lennie B. West and Pauline West, each 8/240ths, to Bertha Fields Lusk, 10/240ths and John West, 4/240ths. The total of these is 240/240ths or the whole. We find no error committed by the trial judge on that score.
*558 Now passing to the second and in our opinion the most serious assignment of error, we find the law and jurisprudence well established to the effect that partitions in kind are favored in law. Each of the heirs or co-owners may demand in kind his share of the movables and immovables, LSA-rCivil Code, art. 1337. And it is only .when the property is indivisible by its nature or cannot be conveniently divided in kind that the - judge is authorized to order a partition by licitation, LSA-Civil Code, art. 1339- Our appellate courts have repeatedly and. consistently .held that in judicial partitions the judge must order the property partitioned in kind unless it is,proved either that it is indivisible by its nature or that “a diminution of its value, or loss or inconvenience of one of the owners, would be the consequence of dividing it.” LSA-Civil Code, art. 1340. Where a judicial partition- of land 'is to be made dividing it in kind, it must be divided into lots, of equal or nearly equal value, and the lots must be drawn by chance, and not selected, by the coprq-prietors. Hence the number of lots must be the lowest common multiple that will allow such a drawing of lots. Grouchy v. Williams, 161 La. 909, 109 So. 545; Raceland Bank & Trust Co. v. Toups, 173 La. 742, 138 So. 652; Jefferson Lake Oil Co., Inc. v. Loughridge, 182 La. 57, 161 So. 19.
In this case, as we have found before, two of the coproprietors have each a 17/240ths interest in the land, three have each a l/6th, two have each a l/12th, one has a l/24th, four have1 each a l/30th and the remainder has a l/60th. As the least common multiple of 240, 6,. 12, 24, 30 and 60 is 240, it would be necessary to divide ■this land into 240 lots, in order to divide it among the thirteen coproprietors, by the method of drawing lots. The record shows that the tract is bounded on the east by Grand Bayou; it -is inaccessible\ except by the bayou; it is cut over swamp land .with small ridges fronting the bayou; it is not cultivable and without valuable or merchantable timber and the undisputed testimony ’is that the property cannot be divided in kind without a diminution of its value—a self-evident fact considering the number of lots necessary in order to divide the property in kind.
We do not find any merit in defendants’ third assignment of error. The plaintiffs, in their petition, alleged that Bertha Fields Lusk had acquired the property by inheritance from her late husband. ■The defendánís in their answer, in answer to this allegation, aver that Bertha Fields Lusk “acquired an interest in the property by virtue of a will made in her favor by her husband”. Upon trial of the case, and on the question being raised as to whether the will had been probated, the case was -continued. Thereafter,, the plaintiffs had the will probated in the District Court of the domicile of the decedent,. - -The probation of the will was to show what interest had passed to Bertha Fields Lusk. The judgment homologating the will and sending the legatees in possession was admissible without further pleadings.
As to the fourth assignment of error, we are of the opinion that it is sufficient to say that the evidence in the l'ecord does not justify the conclusion that Mr. Labarre obtained the sales of the interest in the property through fraud. The oply evidence to be found in the record relative to any fraud being practiced is to be found in the testimony of Mr. La-barre, and he alone, to the effect that he had bought “a half fee interest in each case and purchased a mineral lease on the other remaining half in view of development (developing) it for our mutual benefit”. It is to be noted that only defendant Rosa Lusk contends that her sale of an undivided one-half interest of her interest to plaintiff Labarre was obtained through fraud, yet she made no attempt to show any fraud nor did she take the stand to contradict Labarre.
As to the fifth assignment of error, we find that the consideration in the sale from Rosa Lusk to Gus J. Labarre is stated to be the sum of $40; the record reveals, that Rosa Lusk’s interest in the property was a one-sixth (l/6th) interest in the property, therefore she cpnveyed a one-twelveth (1/Í2th) for the sum of $40, which *559 makes a basis of $480 for the whole. There is no evidence in the record showing the value of the property. The only evidence which may be said to be pertinent is the fact that Labarre sold to Savoie for $135 an undivided one-half (1/2) interest of the interest he had purchased from some of the heirs some twenty months prior. Labarre states that he had other expenses besides the consideration shown by the several acts of purchase. Suffice it to say that under such evidence we cannot come to the conclusion that the doctrine of lesion applies.
Finding no error in the judgment below, it is affirmed.