FRUGÉ, Judge.
This is a suit for partition by licitation of a tract of land comprising some 70 contiguous acres of land located south or southwest of Zwolle, Louisiana.
*551 Plaintiff, Lloyd A. Murdock, avers that he is an owner in indivisión with the defendants in the above described property, The respective undivided interests are:
Plaintiff: Lloyd A. Murdock 7/12ths or 14/24ths
Defendants: Joe Cordova l/6th or 4/24ths
Tom Cordova l/8th or 3/24ths
Cora Cordova Santos l,/8th or 3/24ths
Plaintiff-appellee Murdock acquired his interest by purchase from Manuel Cordova and Jim Cordova, who, along with the named defendants, inherited their interests from the estate of Fred Cordova. Since the death of Fred Cordova, defendant Joe Cordova has been living on the undivided property in a rundown house situated on the front 30 acres.
The parties could not agree on a nonjudicial partition. The plaintiff-appellee argues that the property is not susceptible to division in kind so must be partitioned by licitation.
The defendants-appellants demand that the property be divided in kind by allowing them to retain all of their interests together in common, or undivided in one contiguous tract, their position being that as owners of a %ths interest of a 70-acre tract of land they should be allotted approximately 30 acres chosen by them, which contains the improvements and road frontage, and that plaintiff should be relegated to the remaining 40 acres.
The trial court concluded that due to the nature and terrain of the property, it could not be conveniently divided in kind without suffering a diminution of its value as a whole and loss or inconvenience to the owner. The trial judge thus ordered that the property should be partitioned by licitation.
From this judgment the defendants have perfected this appeal, averring that the property was susceptible to partition in kind. Defendants also are asking this court to remand this matter to the lower court for further proceedings so that evidence could be taken to the effect that they are willing to take any equitable division of the property so that Joe Cordova may retain the house on the property for his home. This motion has been referred to the merits and will be decided along with the other issues.
The record reveals that this 70-acre tract of land is rough, uneven and hilly. The improvements on the land consist of an old dwelling house, a separate newer kitchen, a cistern-type water system, two old barns, one or two other outbuildings, a fence around the dwelling house area, an old rundown fence around a part of the west 30-acre portion of the property. There are also two stock ponds, one or both of which is man-made. All of the improvements are located on the western part of the property, referred to as the 30-acre portion. The dwelling house is inhabitable and was occupied by Fred Cordova and his wife until their deaths. It is now occupied by Joe Cordova, who moved in after their deaths. A public road maintained by the Sabine Parish Police Jury traverses the entirety of the 30-acre portion of this property and runs a short distance in front of the dwelling house. The east 40-acre portion of the property is not directly accessible to any road.
A small intermittent stream traverses the east 40-acre portion of the tract. Part of the east 40-acre portion was at one time cultivated but has since grown up in trees and underbrush through non-use. There *552 are approximately 15 to 20 acres of bottom-land along the stream that would be suitable for pasture and cultivation after clearing and preparation for this purpose. Excepting that bottomland area, the remainder of the land is hilly, with considerable variation among the hills and valleys. Some of the valleys amount to steep ravines; some of the hills are very steep and rough, while others are gentle rolling hills.
There is some merchantable timber on the 70 acres. The record reveals that the timber on the 30-acre portion is more valuable than on the 40-acre portion for timber purposes both at the present time and in the future.
The plaintiff presented the testimony of three experts in the field of timber and land values from that area of the state. These three expert witnesses testified that they could not conceive of any method by which the property could be divided in kind. They testified unanimously that to separate the east 40-acre portion from the west 30-acre portion would result in a diminution or decrease in value of the property. They agreed that the tract is more valuable as a contiguous undivided 70-acre tract than it would be if it were divided into separate ownership of smaller parcels. They further testified that the remoteness, isolation and inaccessibility of the 40-acre or east portion of the property were highly significant factors in determining a partition in kind.
From the record it is clear that we must agree with the findings of the lower court in that this property is not susceptible to a partition in kind but must be partitioned by licitation.
 The right of partition among co-owners is absolute. The court has the right to regulate the mode of partition under certain conditions consistent with the general interest of the co-owners. Civil Code Art. 1336. In theory, the lav/ favors partition in kind. However, one or more co-owners cannot select and have allocated to them a designated portion of the property to be divided. The jurisprudence of this state is clear that neither the court nor experts appointed by the court can make such allocation and designation. If property is divisible in kind, it must be divided into lots of equal value, equal to the lowest common denominator of ownership. Each owner must then by lot draw a number of lots equivalent to his proportionate ownership.
Partition in kind is not obligatory. The judge shall order partition by licitation (1) when the property is indivisible by its nature, or (2) when it cannot be conveniently divided. Civil Code Art. 1339. Kilbourne v. Horsea, 19 So.2d 279, La.App. 1 Cir.
Property cannot be divided (in kind) when the consequence of such division would be (1) a diminution of its value, (2) a loss to one of the owners, or (3) an inconvenience to one of the owners. Civil Code Art. 1340.
A practical and realistic application of the law in question was clearly illustrated in the case of Welch v. Pitre, 216 La. 980, 45 So.2d 363:
“This court has consistently followed the provisions of these articles of the code when lands cannot be conveniently divided without diminution of value or loss or inconvenience to the owners. In most of the cases, this court has stated that the law favors partition in kind, but that it is not obligatory when the property cannot be conveniently divided without a diminution of value or loss or inconvenience to the owners. Grouchy v. Williams, 161 La. 909, 109 So. 545; Raceland Bank & Trust Co. v. Toups, 173 La. 742, 138 So. 652; *553 Pryor v. Desha, 204 La. 575, 15 So.2d 891.”
In the case of Wyche v. Taylor, 191 La. 891, 186 So. 602, the Supreme Court considered the question whether or not some co-owners or the court could select a particular piece of property and have it set aside and allocated to one or more of the co-owners as a mode of division in kind. Chief Justice O’Niell answered that question as follows:
“This case, however, in its final analysis, is governed by the rule stated in Hoss v. Hardeman, 156 La. 371, 100 So. 532,—and repeated in Raceland Bank & Trust Co. v. Toups, 173 La. 742, 138 So. 652,—that a judicial partition of real estate cannot be made otherwise than by the drawing of lots or by a sale of the property and a division of the proceeds. In a suit for a partition of real estate, where the co-owners are all sui juris, the judge and the experts appointed by him have no authority to select any particular piece of property and allot it to any one of the co-owners.”
The testimony of the plaintiff’s three expert witnesses was clear, unanimous and uncontradicted that there would be a diminution of value if the land was divided. The record reveals that the evidence, particularly the detailed description of the many varied features of the property, points clearly to the conclusion that this property is indivisible and could not be conveniently partitioned in kind. The plaintiff has carried the burden of proof that an attempted division in kind of this property would result in a diminution of its value and inconvenience or loss to some of the co-owners.
For the foregoing reasons, the judgment of the lower court is affirmed. The motion to remand is denied. Costs of this appeal are to be paid by appellants.
Affirmed.