570 So.2d 31 (1990)
Paul C. LOUPE, et ux., Plaintiffs-Appellants,
v.
Frances Ebarb BYBEE, Defendant-Appellee.
No. 89-379.
Court of Appeal of Louisiana, Third Circuit.
October 3, 1990.
Rehearing Denied November 5, 1990.
Writ Denied January 11, 1991.
Kenneth N. Simmons, Many, for plaintiffs/appellants.
Bonnie Moore, Many, for defendant/appellee.
Before DOMENGEAUX, C.J., and FORET and KNOLL, JJ.
KNOLL, Judge.
Paul C. Loupe and Rebecca Brandon Loupe (hereafter the Loupes) appeal the judgment of the trial court which ordered a partition in kind of 37.5 acres of immovable property in Sabine Parish owned by them in indivision with Frances Ebarb Bybee. The Loupes own a five-sixths interest in the property, and Bybee owns a one-sixth interest. The trial court ruled that the *32 Loupes tailed to prove by a preponderance of the evidence that the property could not be partitioned in kind; it allocated a particular 6.25 acre tract to Bybee, and assigned ownership of the remainder of the property, including the improvements, to the Loupes.
The Loupes contend that the trial court manifestly erred in: (1) ruling that the property could be partitioned in kind; and, (2) allowing Bybee to introduce certain answers to interrogatories provided by them into evidence. We reverse and remand.

FACTS
This partition litigation involves an irregularly shaped 37.5 acre tract of land in Sabine Parish. The property is bounded on the north by Raymond Ebard; east by a railroad track, the Ebarb Subdivision, and Louisiana Highway 482; west by Toledo Bend Reservoir; and, south by the Loupes. There is limited road frontage on Highway 482, as well as on Florence Street in the Ebarb Subdivision. Located on the property is a fifty year old residence occupied by the Loupes, two outbuildings, and an old barn. Situated west of the residence are two large ponds. An unimproved road south of the ponds provides access not only to the ponds, but also to the Toledo Bend Reservoir. South of the unimproved road is a gas well. Appended to this opinion is a sketch of the property at issue which was admitted into evidence in the trial court as Plaintiffs' Exhibit J.
It is undisputed that the Loupes own a five-sixths interest in the property which they acquired from five of the heirs of Paul Ebarb and his wife, Mary Florence Ferguson Ebarb. Bybee, one of the children of Paul and Mary Ebarb, owns the other one-sixth interest. The mineral ownership is not at issue.

PARTITION IN KIND
The Loupes contend that the trial court was manifestly erroneous in finding that the property could be partitioned in kind. They argue that the property cannot be divided into six equally valued parts, particularly in light of the property's irregular shape and differing physical characteristics.
In Tri-State Concrete Co., Inc. v. Stephens, 406 So.2d 205 (La.1981), the Louisiana Supreme Court summarized the applicable law as follows:
"The general rule is that partition in kind is favored over partition by licitation. Unless the property is indivisible by nature or cannot conveniently be divided, the court shall order the partition to be made in kind. La.Civ.Code art. 1339; La. Code Civ.P. art. 4606. Property cannot be conveniently divided when a diminution of its value, or loss or inconvenience of one of the owners, would be the consequence of dividing it. La.Civ.Code art. 1340. The burden of proof is on the party seeking partition by licitation to prove that the property cannot be divided in kind. Babineaux v. Babineaux, 237 La. 806, 112 So.2d 620 (1959); National American Bank of New Orleans v. Cleveland, 273 So.2d 848 (La.App. 4th Cir.), writ refused, 276 So.2d 701 (La. 1973).
In order to effect a partition in kind, the property must be divided into lots of equal or nearly equal value. It is the function of experts to form the lots which thereafter must be drawn by chance, and not selected, by the co-owners. It is not within the power or province of the judge or the experts to suggest that a certain part or parts of the property be set apart or allocated to one of the co-owners. There must be as many lots as there are shares or roots involved. Pry or v. Desha, 204 La. 575, 15 So.2d 891 (1943); Raceland Bank & Trust Co. v. Toups, 173 La. 742, 138 So. 652 (1931). See La.Civ.Code arts. 1364 and 1367."
Whether immovable property should be divided in kind or by licitation is a question of fact to be decided by the trial court. Green v. Small, 227 La. 401, 79 So.2d 497 (1955).
The aspect of the case sub judice on which the trial court focused involves the failure of Loupes' experts to testify about the value of the property and the individual *33 improvements located on the property. John Martin, an expert real estate appraiser, testified on behalf of the Loupes. Martin stated that there was no real estate market for this property, and assigned no value to the 37.5 acre tract. John Bridges, the other real estate appraiser who testified for the Loupes, also failed to value the property and its improvements. Likewise, having assigned no value to the undivided property, neither appraiser could testify that the property value would be diminished if divided in kind. Therefore, we are not enlightened as to the value of the house, the outbuildings, the ponds, and the remaining property.[1]
In light of the testimony of the real estate appraisers, the trial court concluded:
"[T]he only real issue is for the Court to determine whether the property can be partitioned in kind without loss or inconvenience to either party....
There being no evidence to the contrary, the Court must assume that each acre is of equal value to every other acre, and, if a division can be made on that basis without loss or inconvenience to either party, then the law of Louisiana is that such a division should be made."
In making this determination, we find that the trial court failed to consider whether the property was indivisible by nature, and whether the property could be partitioned in kind without loss or inconvenience to either party.[2]
It is not necessary to produce proof of the indivisibility of property in kind in order that it might be partitioned by licitation where the record shows that the nature and condition of the property is such that it cannot be conveniently divided in kind. Kilbourne v. Hosea, 19 So.2d 279 (La.App. 1st Cir.1944).
In the treatment of the manner of partition, the code and the jurisprudence provide several tests. If the property is indivisible by nature or it cannot be conveniently divided, i.e., division will reduce the value of the whole or will cause loss or inconvenience to one of the owners, partition by licitation is called for; if not, partition in kind is called for. It is important to note that when the code addresses indivisibility by nature in LSA-C.C. Art. 1339 and loss or inconvenience in LSA-C.C. Art. 1340, the question of valuation is treated disjunctively. Accordingly, we find that Loupes' failure to prove the valuation of the property and its improvements should not have precluded the trial court from considering whether the property was indivisible by its nature or that partition in kind would cause loss or inconvenience to one of the owners.
Considering the nature of the land: the location of the oil well; the unrefuted fact that the oil well occupies as much as five acres of the property; the servitudes of passage to the ponds, Toledo Bend, and the oil well; the railroad right of way; the residence on the property; the unrefuted testimony that the ponds occupy approximately ten to twelve acres; and, the highly irregular shape of the tract, we find that the trial court erred in failing to find that the property was indivisible by nature. Therefore we find that the trial court was manifestly erroneous in its conclusion that the property should be divided in kind. In accord Munsterman v. Crawford, 532 So.2d 264 (La.App. 3rd Cir.1988), writ denied, 535 So.2d 743 (La.1989), and Tri-State, supra; Compare Birdwell v. Jeffery, 486 So.2d 1094 (La.App. 2nd Cir.1986), and Martin Timber Company v. Brummette, 194 So.2d 136 (La.App. 2nd Cir.1967), writ refused, 250 La. 375, 195 So.2d 646 (1967).
*34 In making this determination, we note that the only testimony offered by Bybee in support of her position that the property was divisible in kind was that of the two surveyors who testified on her behalf. Bybee was out of state at the time of trial, therefore, she did not testify. Neither of the surveyors proposed a plan for the division of the property, and only generalized that any immovable property could be divided into lots of equal size. In view of the strong testimony about the peculiar aspects of the acreage involved, we do not find that the surveyors' testimony was sufficient to support the trial court's judgment.
Likewise, the record establishes that the Loupes live in the residence located on the property. Ordering a partition in kind, where the parties would draw the lots randomly, could possibly mean that the Loupes would be ejected from the residence. Furthermore, Tri-State, supra at 208, recognized that contiguity, i.e., whether the Loupes' five lots would be in a block, is a factor which must be examined in light of each case's peculiar facts as an element of inconvenience. Random drawing of lots could also mean that the Loupes' five lots would not be contiguous. Neither of these factors were explored in the case sub judice.
For the foregoing reasons, the judgment of the trial court is reversed and set aside. IT IS FURTHER ORDERED, ADJUDGED, and DECREED that the plaintiffs, Paul C. Loupe and Rebecca Brandon Loupe, are recognized as the owners of an undivided five-sixths interest in the property hereafter designated, and the defendant, Frances Ebarb Bybee, is recognized as the owner of an undivided one-sixth interest. IT IS FURTHER ORDERED, ADJUDGED, and DECREED that the certain tract or parcel of land, located in Sabine Parish, Louisiana, described in Exhibit A attached to the judgment of the trial court shall be partitioned by licitation. This matter is remanded to the trial court to effect the partition by licitation as ordered herein.
Costs of this appeal are assessed to Frances Ebarb Bybee, and costs of the trial court shall be assessed by the trial court upon final disposition of this matter.
REVERSED AND REMANDED.
*35 
NOTES
[1] The only other testimony concerning value was a short question about the value of the Loupes' small Christmas tree farm. On that issue, John Martin testified that it provided no added value to the land.
[2] The trial court did an admirable job in resolving the issues presented in an equitable manner. However, in making this determination, it was forced to allocate a specific 6.5 acre tract to Bybeea procedure not sanctioned by the Code of Procedure and jurisprudence. Wyche v. Taylor, 191 La. 891, 186 So. 602 (1939). Without such an allocation, the lynchpin of the trial court's equitable adjudication of the issues is removed.