687 So.2d 1079 (1997)
D.A. SIMPSON, Jr., et al., Plaintiffs-Appellants,
v.
Annette Bullard BAKER, et al., Defendant-Appellee.
No. 29090-CA.
Court of Appeal of Louisiana, Second Circuit.
January 22, 1997.
Writ Denied April 4, 1997.
Wiener, Weiss, Madison & Howell by John M. Madison, Jr., Shreveport, for Plaintiffs-Appellants.
Peters, Ward, Bright & Hennessy by Frank Bright, Shreveport, for Defendant-Appellee.
Before MARVIN, C.J., and HIGHTOWER and WILLIAMS, JJ.
MARVIN, Chief Judge.
In this action to partition 38 acres of rural Caddo Parish land co-owned by the plaintiffs, Mr. and Mrs. Simpson, and the defendant, Mrs. Baker, in the respective proportions of 2/15 (13 percent) and 13/15 (87 percent), the Simpsons appeal a judgment rejecting their demands for a partition by licitation and homologating a partition of the property in kind before a notary public.
Finding no factual or legal error in the trial court's conclusion that the property is susceptible to being partitioned in kind, nor any abuse of discretion in the manner in which the partition was effected, we affirm. La.C.C. arts. 810, 811; La.C.C.P. arts. 4605, 4606.

*1080 PREFACE
The land in question is located in western Caddo Parish, south of Interstate 20, between the city limits of Shreveport and the town of Greenwood. Originally owned and occupied by defendant's parents, C.D. and Ora Bullard, the land has been used to graze cattle and grow timber since the 1980s. It has the potential for future residential development, according to plaintiffs' expert witness. Plaintiffs purchased their interest in the property from defendant's paternal half-siblings in 1982, about a year after Mr. Bullard's death. Mrs. Bullard's heirs and legatees acquired her interest in the property at her death in 1990. By the time of trial in 1995, the defendant, Annette Bullard Baker, had purchased the interests of all but one of her maternal relatives. She acquired the remaining interest after the trial and submitted evidence of her acquisition to the trial court, over plaintiffs' objection, before the court rendered its judgment.
Before the partition, the essentially square tract measured 1310 feet front on Simpson Road, which forms the western boundary of the tract, by a depth of 1290 feet between parallel lines. The partition was effected by dividing the tract into seven smaller rectangular lots of equal size, each of which has a frontage of about 187 feet on the public road, maintains the original depth of 1290 feet, and contains just over five acres. Plaintiffs drew one of the seven lots at random, and the remaining property was awarded to Mrs. Baker.
Plaintiffs' arguments on appeal that the property is not susceptible to being partitioned in kind are not founded on any physical attributes of the property, which is essentially uniform in topography, road access and other physical features. Plaintiffs also make no claim that the lot drawn by them is worth less than any one of the six lots awarded to Mrs. Baker. Their sole complaint concerns the trial court's calculation of the appropriate number of lots or "shares" into which the property was divided to determine its susceptibility to an in-kind partition under La. C.C. art. 810, which we emphasize:
The court shall decree partition in kind when the thing held in indivision is susceptible to division into as many lots of nearly equal value as there are shares and the aggregate value of all lots is not significantly lower than the value of the property in the state of indivision.
See also La. C.C.P. art. 4606: "Except as otherwise provided by law, or unless the property is indivisible by nature or cannot conveniently be divided, the court shall order the partition to be made in kind."
The alternative and less favored remedy of partition by licitation becomes available only when the party seeking that remedy proves by a preponderance of the evidence that the thing held in indivision is not susceptible to being partitioned in kind. La. C.C. art. 811; Tri-State Concrete Co., Inc., v. Stephens, 406 So.2d 205 (La.1981); Birdwell v. Jeffery, 486 So.2d 1094 (La.App. 2d Cir.1986).
The fractional ownership interests of the litigants mentioned above, 2/15 for the Simpson plaintiffs and 13/15 for defendant Mrs. Baker, reflect Mrs. Baker's acquisition of the interests of the numerous co-owners of the property after this suit was filed in 1993. All but one of these acquisitions was accomplished before the trial in March 1995. The remaining acquisition of a 1/20 interest from the heirs of Willie Lee Jones was under negotiation at the time of trial, according to Mrs. Baker's testimony, but was not completed until after the trial. This acquisition was brought to the trial court's attention by Mrs. Baker's "motion for summary judgment" filed in early 1996, a few months before the trial court rendered its judgments which respectively ordered and homologated the partition in kind between the Simpsons and Mrs. Baker as the sole co-owners.

ARGUMENTS ON APPEAL
Plaintiffs make several arguments on appeal. First, they contend that La.C.C. art. 810, which took effect on January 1, 1991 as part of a newly enacted title on "Ownership in Indivision" and refers on its face only to the "shares" of ownership, must be read together with Art. 1364, by which the property to be partitioned among the heirs of a succession, or among other co-owners by analogy (Art. 1290), must be divided "into as many equal lots as there are heirs, or roots *1081 entitled to a share." Our emphasis. The latter provision has been restated in the case law as requiring that the property be divided into "as many lots as there are shares or roots involved" to determine whether it may be partitioned in kind. See Tri-State Concrete, supra, and cases cited therein at p. 208. See also Art. 1370, providing that the interests of "coheirs of the same root" are to be subdivided and partitioned in the same manner as are the interests of the co-owners by share.
By plaintiffs' calculations, the number of "roots of ownership" existing before plaintiffs purchased their interest in the tract in 1982 was 14, and the lowest common denominator of these fractional interests, ranging from 1/50 to 1/20 to 3/20 to 1/10, was 100. Plaintiffs contend the trial court should have assessed the property's susceptibility to being partitioned in kind by considering whether the 38-acre tract could be divided into 100 lots without lowering the property's value. Obviously, plaintiffs argue, it could not.
Alternatively, plaintiffs contend the trial court should have disregarded the post-trial "evidence" of Mrs. Baker's acquisition of the interest of the Jones heirs, which came before the court by motion for summary judgment, and should have considered only the fractional ownership interests as they existed at the time of trial: 49/60 for Mrs. Baker, 2/15 or 8/60 for plaintiffs, and 1/20 or 3/60 for the Jones heirs. Again, plaintiffs contend the lowest common denominator of these interests is 60, and the property could not be divided into 60 lots without a diminution in value.
Finally, plaintiffs contend that even if the trial court properly considered only the ownership interests of the Simpsons and Mrs. Baker, 2/15 and 13/15 respectively, the smallest fractional ownership interest or "share" to be partitioned is two-fifteenths. Plaintiffs maintain that the smallest number of lots into which the tract would have to be divided for assessing its susceptibility to an in-kind partition is fifteen, not seven as the trial court found. With such a division, each lot would contain less than 100 feet of road frontage, with a relatively long depth of 1290 feet, resulting in a disproportionate and undesirable frontage-to-depth ratio which would be detrimental to the value of the property, according to plaintiffs' real estate appraiser, the only expert witness at trial. This testimony, plaintiffs argue, compels a finding that the property cannot be divided in kind without a diminution in value, and must therefore be partitioned by licitation to preserve the Simpsons' legal right under La.C.C. art. 807 to terminate their co-ownership of the property in indivision with Mrs. Baker.
We address these arguments in turn.

"SHARES" OR "ROOTS"?
On this record, we need not and do not attempt to reconcile the Art. 810 reference to "shares" of ownership with the codal and jurisprudential references to "roots" of ownership. As we appreciate the law, the ownership interests to be considered, however denominated, are the interests existing at the time of the partition. The codal references to and distinctions between "roots" and "shares" of ownership in Arts. 1364 and 1370 become important only when some of the co-owners, at the time of the partition, have an interest in the property "by share" and others have an interest "by root." That is not the case here. Under the circumstances before us, we cannot reasonably construe the articles and the case law to require a consideration of the fractional ownership interests of the prior co-owners, as those interests existed before the Simpsons purchased their interest in the property from Mrs. Baker's paternal half-siblings.
In certain cases, some of the co-owners at the time of the partition, such as the children of a decedent, may have acquired their respective "shares" or fractional interests in the property by inheritance from their deceased parent, while other co-owners, such as grandchildren or other legal heirs, may have jointly acquired the fractional interest or "share" of their deceased relative, either by representation or by inheritance. In those circumstances, the court attempting to partition the property in kind must consider both the individual "shares" of the children, and the individual "roots" of the grandchildren or other co-heirs, which collectively form another share. See, for example, Junkin v. Carraway, *1082 14 So.2d 581 (La.App. 2d Cir.1943). Even in such cases, however, the ownership interests under consideration for partition purposes are those existing at the time of the partition.
Here, the sole co-owners at the time of the partition were the Simpsons on the one hand and Mrs. Baker on the other. No present co-owner holds an interest with another by the same root. For purposes of this case, the codal reference to "roots" of ownership in either or both Arts. 1364 and 1370 is immaterial.

INTRODUCTION OF NEW EVIDENCE
Plaintiffs next contend the trial court should not have considered Mrs. Baker's post-trial "motion for summary judgment," by which she offered new evidence varying the percentages of ownership based on Mrs. Baker's having acquired the interest of the Jones heirs in the property after the trial was concluded. As mentioned, the motion was filed in early 1996, before the trial court rendered its judgments ordering and homologating the partition in kind between the Simpsons and Mrs. Baker in the manner described above.[1]
Construing Mrs. Baker's motion for summary judgment as procedurally unorthodox and improper, the Simpsons contend the trial court should have disregarded Mrs. Baker's acquisition from the Jones heirs, and should have determined the feasibility of a partition in kind based solely on the fractional ownership interests as they existed at the time of trial: 49/60 for Mrs. Baker, 8/60 for plaintiffs and 3/60 for the Jones heirs.
Mrs. Baker's motion, filed after trial and before judgment, should perhaps have been styled as a motion to reopen the case for additional evidence, rather than a motion for summary judgment, which is technically a pre-, and not a post-trial, motion. See and compare La.C.C.P. arts. 966, 1631-32, 1971-72; Mitchell v. Windham, 426 So.2d 759 (La.App. 3d Cir.1983), modified on other grounds, 469 So.2d 381 (La.App. 3d Cir. 1985); American Bank & Trust v. McDowell, 545 So.2d 1211 (La.App. 2d Cir.1989). Even so, however, we cannot agree with plaintiffs that the factual content of Mrs. Baker's motion, which is not disputed, should not have been considered by the trial court.
In McDowell, this court construed a pre-judgment, and therefore premature, motion for new trial as a motion to reopen for additional evidence, the granting of which is discretionary with the trial court. 545 So.2d at 1214. This discretion must be exercised in light of the court's corresponding duty to "permit litigants all reasonable opportunity to place before [the court] all facts bearing on the issues involved" in the case, and to consider "the full story of the case" before rendering judgment on the issues to which the newly-discovered evidence pertains. See Antley v. Brantly, 28,049, pp. 4-6 (La.App.2d Cir. 2/28/96), 669 So.2d 685, 688-89, and cases cited therein.
Here, the evidence sought to be presented by Mrs. Baker in her post-trial motion, however inartfully named, reflected a change in the fractional ownership interests or "shares" in the property which was anticipated, though not completed, at the time of trial. The facts asserted in the motion are undisputed, according to this record, and are material to the central issue in the case, that is, whether the property is or is not susceptible to being partitioned in kind. Under these circumstances, the trial court did not abuse its discretion in effectively and implicitly reopening the case for the taking of additional evidence before rendering its judgment.

APPROPRIATE NUMBER OF LOTS OR SHARES
Plaintiffs' final contention is that even if the trial court properly considered only the interests of the Simpsons and Mrs.
*1083 Baker, the "lowest common denominator" of these fractional interests is 15, and the property would have to be divided into 15 lots of equal value to determine whether it could be partitioned in kind. Recognizing that La. C.C.P. art. 4605 grants the trial court discretion to direct "the manner and conditions of effecting a partition so that it will be most advantageous and convenient to the parties," plaintiffs nevertheless contend the court's determination that an in-kind partition is the appropriate way to terminate the litigants' ownership in indivision must comport with the mandate of La.C.C. art. 810, quoted supra, that a partition in kind include "as many lots of nearly equal value as there are shares" of ownership. Under the latter article, plaintiffs argue, the trial court was legally required to use 15 as the number of lots or shares necessary to effect an in-kind partition, that being the "lowest common denominator" of the fractional interests, and was not at liberty to use a smaller number of lots, in this case seven.
The cases cited by plaintiffs in support of their "lowest common denominator" argument are factually distinguishable, in our view, as each involved co-owners whose interests were expressed by fractions containing different denominators: Jefferson Lake Oil Co., Inc. v. Loughridge, 182 La. 57, 161 So. 19 (1935); Murdock v. Cordova, 180 So.2d 550 (La.App. 3d Cir.1965); and Bulliard v. Bienvenu, 95-297 (La.App. 3d Cir. 10/4/95), 663 So.2d 373. See also Savoie v. Chambers, 62 So.2d 555 (La.App. 1st Cir.1952). That is not the case here.
In this case, the 2/15 fractional interest of the Simpsons may also be expressed as a percentage of undivided ownership, 13 percent. The rest of the undivided ownership, 13/15 or 87 percent, belongs to Mrs. Baker. The division of the property into seven lots, rather than 15, essentially allowed the Simpsons, the owners of the smaller interest, to receive one of the seven lots of land for their "share" of ownership, whether that "share" be expressed as 2/15 of the whole property, which contains 38.818 acres, or as 13 percent of the whole. Mathematically, plaintiffs' interest amounts to 5.18 acres of the whole. The lot they received contained 5.54 acres, slightly more than their proportionate interest, causing the trial court to award Mrs. Baker an equalizing payment of $630. See generally La.C.C. art. 1366.
Reviewing a similar, though not identical, co-ownership configuration decades ago, this court in Junkin v. Carraway, cited supra, said:
... [T]he sole ... defendant's interest in the [450-acre] land is 59/2688 [or 118/5376] or 9.90 acres.... [One of the three plaintiffs seeking to have the property partitioned by licitation owns] an undivided 3584/5376 [interest, and the other two own] 837/5376 each. To express these interests in acres, Mrs. Burley owns 300.56, Mrs. Junkin and Mrs. Whitley each 70.14. Should experts form forty-five (45) lots in order to effectuate the partition, Mrs. Burley would be entitled to draw thirty (30) of them; Mrs. Junkin and Mrs. Whitley seven (7) each and defendant one (1). Counsel for plaintiffs argue that to effectuate a partition in kind of the lands it will be necessary to subdivide the tracts into 5376 lots. We do not think this position sound. As defendant's interest is practically 1/45 of the whole, should the lands for partition purposes be divided into lots of equal acreage, no greater number than 45 would be necessary. However, since it is shown that some of the land is worth per acre more than other parts of it, ... [v]alue, rather than acreage, should be the controlling factor to guide experts in their efforts to delineate the lots on the basis of fairness and equity. 14 So.2d at 582. Our brackets and emphasis.
As mentioned, the Simpsons do not assert any disparity in value between the lot they received and any one of the lots awarded to Mrs. Baker. The lot they received was drawn by chance, as required by La.C.C. art. 1367, and was not "set aside" or "allocated" to them by choice. Compare Bulliard, supra and Kisatchie Investors, Inc. v. Broussard, 397 So.2d 67 (La.App. 2d Cir.1981). Neither the physical features of this property, nor the numerosity of the ownership interests, ruled out a division in kind. Compare Loupe v. Bybee, 570 So.2d 31 (La.App. 3d Cir.1990), *1084 writ denied; Munsterman v. Crawford, 532 So.2d 264 (La.App. 3d. Cir.1988), writ denied; Savoie v. Chambers, supra.

CONCLUSION; DECREE
The issues whether and how a particular tract of land may be divided in kind are necessarily fact-specific, considering such factors as the size of the tract, the natural characteristics of the land, the location of any improvements, the presence or absence of public road access, and the number of owners in indivision. On this record, we cannot say that the trial court erred, factually or legally, nor abused its discretion, in determining the appropriate method and manner of partitioning this property between these co-owners.
At appellants' cost, the judgment is AFFIRMED.
NOTES
[1] The trial court's earlier "judgment" of April 1995, which decreed that the property could be partitioned in kind without directing the particulars of the partition, was simply an interlocutory order, as this court noted when we dismissed plaintiff's appeal of that judgment as premature in November 1995, before Mrs. Baker filed her motion for summary judgment. Our references to the trial court's "judgment" in this opinion are to the subsequent judgments of March and April 1996, which respectively ordered and homologated the partition in kind between the Simpsons and Mrs. Baker in the manner stated.