JzSHORTESS, Chief Judge.
Mary Mercedes Ewell Pugh and twenty-three other co-owners in indivisión of a 62% interest in a tract of land in East Baton Rouge Parish (plaintiffs) sued the owner of the other 38% interest, NPC Services, Inc. (defendant), seeking partition in kind of the property. Defendant reconvened, seeking partition by licitation. After trial on the merits, the trial court ordered the property *1057 partitioned by licitation. Plaintiffs appeal, contending the trial court erred in finding the property was not susceptible to partition in kind.
At issue herein is a 654-acre tract of land that was heavily contaminated by hazardous waste. It is currently undergoing remediation pursuant to federal court order. Plaintiffs hired an expert, David W. Moore, to appraise the property as if it were not polluted.
Moore testified three sets of physical characteristics were found within the tract. The first set, approximately 125 acres in the northeastern end of the property, was high plateau, not subject to flooding, and optimally oriented for industrial usage. Only ninety acres of the tract are actually subject to industrial use, however, due to the “ravines and such meandering throughout it.” The western perimeter has 3600 linear feet of river batture, suitable for barge fleeting or other river-oriented industrial use. The remainder of the property is mobile ridge, timberland, subject to flooding, and suitable only for recreational or agricultural use. If this property were not polluted, according to Moore it would be worth $1,525,000.00. The trial court found, however, that evidence of what unpolluted land might be worth was of no value in this case.
Defendant presented the testimony of an expert real estate appraiser, Norbert F. Schexnayder, Jr. He testified the following factors made it virtually impossible to divide the property into smaller parcels. 1) There are seven different soil types on the property. 2) The elevation varies from seventy-five feet on the northeastern side to below thirty-five feet. 3) The only means of public access was waterway frontage; there was no public-road access. 4) Parts of the property contain timber, but due to the differences in densities of the timber, the property cannot be divided equally. 5) Not all of the owners own the mineral interests. 6) Parts of the property are encumbered by pipeline right of ways. 7) Only part of the|3property has river frontage. 8) The property is contaminated by hazardous wastes, and it is impossible to say where the contamination might have migrated. Schexnayder further testified that because of the contamination, the property has either no fair market value or a negative value. He stated, “I don’t see how any prudent individual would be willing to accept a portion of the property knowing full well of the extent of contamination and without knowing how much that has migrated and where.”
Since the Code Napoleon of 1804, Louisiana law has provided that no one can be compelled to hold property with another.[1] Today Louisiana Civil Code article 807 provides in pertinent part, “No one may be compelled to hold a thing in indivisión with another unless the contrary has been provided by law or juridical act. Any co-owner has a right to demand partition of a thing held in indivisión.”
Louisiana has two types of judicial partitions, in kind and by licitation.[2] Partition in kind is favored.[3] When property is indivisible by nature or cannot be conveniently divided, however, the law directs the court to order partition by licitation or by private sale, and the proceeds are then distributed to the co-owners in proportion to their shares.[4] Partition by licitation is conducted by public auction, after the advertisements required for judicial sales under execution.[5]
Civil Code article 810 provides that the court shall decree partition in kind when the thing held in indivisión is susceptible to division into as many lots of nearly equal value as there are shares. Civil Code article 1364 refers to division of property in a partition by “roots entitled to a share.” The jurisprudence refers to dividing the property into as many lots as there are “shares or roots involved.”[6] Defendant contends this means *1058 the property would have to be divided into 1584 shares, the lowest common denominator of the plaintiffs’ ownership interests. All parties agree this is unfeasible.
|4In Simpson v. Baker[7] the second circuit found the trial court had the discretion under Louisiana Code of Civil Procedure article 4065 to divide the property into a smaller number of lots, if that would be more advantageous and convenient for the parties. Relying on Simpson, plaintiffs stipulated that purely for partition purposes, they were willing to combine their interests and were willing to accept a partition with the property divided into less than the number of individual roots or shares. Moore prepared an in kind partition plan dividing the property into two parts.
The trial court noted that in Simpson, the property was “totally homogeneous.”[8] In this case, however, the court found that in kind division, even into only two parts, would result in “tremendous inconvenience” for one of the co-owners because of the pollution and the topography. The court stated, “[S]ome-body is going to end up with a nice high dry piece of property that common sense is going to tell us is probably less contaminated because the water flows the other direction, and somebody else is going to end up with a low, wet, contaminated piece of property.”
Whether and how a particular tract of land may be divided in kind are necessarily fact-specific, considering such factors as the size of the tract, the natural characteristics of the land, the presence or absence of public-road access, the number of owners in indivisión, and, in this case, the existence of contamination.[9] Under the facts of this case, we find no abuse of discretion in the trial court’s determination that this property was not subject to partition in kind.
The trial court felt bound, under the law and jurisprudence, to order the partition conducted by judicial sale since it was not susceptible to partition in kind. The court refused to set a minimum bid for the sale, stating there was no evidence of the property’s value, given the contamination. Actually, the only evidence of the property’s value in its contaminated state was the testimony of defendant’s expert that it had either no value or a negative value to a prudent purchaser.
I5AS stated above, since 1804 our law has provided that co-owners cannot be forced to own property in indivisión. What was not contemplated in 1804, however, was the existence of industrial pollution that could render real estate devoid of a fair market value. Partition by judicial sale presupposes a thing has value. Since 1804 our law has also required a price to perfect a sale.[10] How can a thing with no fair market value be offered to the public for sale?
The facts of this case present a dilemma. How can property that is susceptible to neither division in kind nor judicial sale be partitioned? We find that this property cannot be partitioned at this time. The property is undergoing remediation and will become susceptible to partition by licitation only after the contamination is rectified. Under the facts of this most unusual case, we must reverse the judgment of the trial court ordering partition by licitation and render judgment dismissing plaintiffs’ suit for partition, reserving the right to plaintiffs to re-file the suit once the property has been remediated to the extent that the property once again *1059 has value.[11] Costs of this appeal are assessed equally to plaintiffs and defendant.
REVERSED AND RENDERED.

. See Code Napoleon art. 815(1) (1804); La. C.C. art. 156 (1808); La. C.C. art. 1215 (1825); La. C.C. art. 1289 (1870).

. La. C.C. arts. 810, 811.

. La. C.C. art. 810; La. C.C.P. art. 4606.

. La. C.C. art. 811.

. La. C.C.P. art. 4607.

. See Tri-State Concrete Co. v. Stephens, 406 So.2d 205, 208 (La.1981).

. 29,090, p. 7-8 (La.App.2d Cir. 1/22/97), 687 So.2d 1079, 1083; writ denied, 97-0484 (La.4/4/97), 692 So.2d 420.

. In Simpson, the court stated the property was “essentially uniform in topography, road access and other physical features.” Id. at p. 2, 687 So.2d at 1080.

. Id. at p. 9, 687 So.2d at 1084.

. Code Napoleon art. 1582 (1804); La. C.C. art. 1 (1808); La. C.C. art. 2414 (1825); La. C.C. art. 2439 (1870). Louisiana Civil Code article 2439 currently provides: "Sale is a contract whereby a person transfers ownership of a thing to another for a price in money. The thing, the price, and the consent of the parties are requirements for the perfection of a sale.”

. We need not decide today whether Civil Code article 803 applies during the time the property is unsusceptible of partition, but we note that article provides for judicial determination of the use and management of property when "partition is not available.”