Doyal LEMAY, Respondent,

v.

Esther G. HARDIN, Appellant.

No. WD 58626.

Missouri Court of Appeals,
Western District.

May 22, 2001.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 3, 2001.

Richard L. Colbert, Kansas City, for appellant.

Richard Owens, Kansas City, for respondent.

Before THOMAS H. NEWTON, P.J., JOSEPH M. ELLIS, and RONALD R. HOLLIGER, JJ.

## BACKGROUND FACTS AND PROCEDURAL HISTORY

NEWTON, Judge.

Mr. Doyal Lemay brought an action in partition for real property located at 10900 East 97th Terrace, Kansas City, Jackson County, Missouri. Mr. Lemay and Ms. Esther G. Hardin entered a real estate contract, and both parties' names appeared on the recorded deed as joint tenants with the right of survivorship. Several years ago, they had a social relationship, but they separated, and Mr. Lemay eventually married another lady named Judith. Mr. Lemay and Judith eventually divorced. Mr. Lemay and Judith owned property in Louisiana. His former wife executed a quitclaim deed to the property following the dissolution of their marriage. Mr. Lemay sold the Louisiana property, and the proceeds were used to purchase the subject property. He lived alone in the new home while Ms. Hardin lived in her own home. Hence, the subject property was purchased with one hundred percent of Mr. Lemay's money, and Ms. Hardin did not contribute any money to the purchase of the property.

According to Mr. Lemay, he did not want Ms. Hardin to sell her home or contribute any money to fund the purchase of the new property. He testified at the trial that Ms. Hardin advised him to place her name on the deed so that his former wife would not have any claims to the property. He also testified that Ms. Hardin agreed to execute a quitclaim deed at his request.

Ms. Hardin testified that Mr. Lemay purchased the property in contemplation of their marriage. Mr. Lemay placed the proceeds from the sale of his Louisiana home into a payable on death account shared by Ms. Hardin. He financed the purchase of the new home with the money from that account. But, after he purchased the home, the couple had a disagreement and never discussed marriage again. She did not execute a quitclaim deed to the property because she claims that he wanted her to have the property after his death.

The Honorable Justine Elisa Del Muro presided at the bench trial and found that Ms. Hardin's name was placed on the title to the property in contemplation of marriage, but the parties never married. Ms. Hardin did contribute to the home by painting and cleaning it, but Mr. Lemay paid for the home in full with his money. The trial court stated that she was only entitled to her contribution to the purchase of the home. The trial court, therefore, awarded Ms. Hardin three thousand eight hundred and seventy-five dollars ($3,875 .00) as reimbursement for her contributions to the home. Furthermore, the trial court awarded Mr. Lemay one hundred percent of the property. This appeal follows.

Ms. Hardin raises two points on appeal. In her first point, she contends that the trial court erred by holding that Mr. Lemay was the owner of the real property because it was held in joint tenancy with the right of survivorship, and the trial court's holding, misapplied the law of partition in that the land, which is the subject of the action in partition, must be sold if not capable of being partitioned in kind, with the sale proceeds distributed between the joint tenants. Further, the trial court failed to state whether the property could be partitioned in kind or order a sale of the property and, instead, awarded Mr. Lemay one hundred percent interest in the property and $3,875.00 to Ms. Hardin as her contribution to the purchase of the property. The final point on appeal alleges that the trial court erred in basing each joint tenant's award on his or her contribution to the acquisition of the property because ownership of jointly held property on the basis of contribution to the purchase of the property has been applied when persons acquiring property as married persons are found to be not married and living in a meretricious relationship.

## STANDARD OF REVIEW

■ The standard of review in a court-tried case is guided by the principles enunciated in *Murphy v. Carron.*[1] The judgment of the trial court will be affirmed unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law.[2]

## LEGAL ANALYSIS

■ Ms. Hardin alleges that the trial court was obligated under Chapter 528, RSMo 1994, and Rule 96.08, which govern actions in partition, to order the real property located at 10900 East 97th Terrace, Kansas City, Jackson County, Missouri, titled jointly with the right of survivorship, to be sold if it could not be divided in kind without prejudice to the parties. The trial court awarded Mr. Lemay one hundred percent of the property, but ordered him to compensate Ms. Hardin in the amount of $3,875.00 for her contribution to the home. Ms. Hardin contends that this judgment failed to comply with the remedy available for partition actions by failing to order the property to be sold or failing to divide it in kind. Since this point is dispositive of this appeal, we will not address Ms. Hardin's second point on appeal.

Ms. Hardin fails to clearly apprise this court of the relief she is seeking, but after careful review of her Appellate Brief, we glean from her argument that she believes she is entitled to more compensation than the trial court afforded her for the subject property because the property was titled jointly. Although her argument is flawed, we nevertheless recognize that the relief granted by the trial court to each party was erroneous.

1. 536 S.W.2d 30 (Mo. banc 1976).

2. *Id.* at 32.

Partition is an action governed by statute.[3] Section 528.030 states:

In all cases where lands, tenements or hereditaments are held in joint tenancy, tenancy in common, or coparcenary, including estates in fee, for life, or for years, tenancy by the curtesy and in dower, it shall be lawful for any one or more of the parties interested therein, whether adults or minors, to file a petition in the circuit court of the proper county, asking for the admeasurement and setting off of any dower interest therein, if any, and for the partition of the remainder, if the same can be done without great prejudice to the parties in interest; and if not, then for a sale of the premises, and a division of the proceeds thereof among all of the parties, according to their respective rights and interests.

■ Partition is the appropriate remedy when parties who hold land as joint tenants want to divide the property.[4] The trial court, however, did not divide the property; instead it determined which party owned the property. Partition is appropriate when the trial court is asked to divide the interests of the property where ownership is not at issue. Although the trial court awarded one hundred percent of the property to Mr. Lemay, Ms. Hardin claims that the trial court did not actually order partition, or if it did, that the trial court did not order the proper relief for partition. We agree.

■ According to the statute, only two forms of relief are available for actions brought under partition; the court can either divide the property in kind or order the property sold.[5] " 'In partition, division in kind is favored unless it would result in great prejudice to the owners.' "[6] Von Behren v. Oberg[7] outlines the applicable test in determining whether partition in kind is prejudicial. The court stated, "[t]he test of whether partition in kind would result in great prejudice to the owners is whether or not the value of the share of each, after partition, would be materially less than the share of the money equivalent that each could probably obtain from the whole."[8]

■ Here, the trial court lacked the statutory authority to divide the property as it did and in awarding Ms. Hardin monetary damages. Partition in kind allows the trial court to divide the property but does not grant the trial court the authority to award monetary damages to reimburse the other cotenant for their contributions to the property. Since Ms. Hardin did not raise any counterclaims such as *quantum meriut* for her contributions and improvements to the property, the trial court erred in awarding her those damages under the remedy of partition in kind.

■ If, however, the trial court finds that great prejudice will result from a division in kind, the trial court is authorized to order a sale of the property.[9] Under this remedy, the trial court can order the parties to divide the proceeds based on each parties' contribution to the acquisition of the property and reimburse

---

**3.** Chapter 528, RSMo 1994.

**4.** *Christen v. Christen,* 38 S.W.3d 488, 492 (Mo.App. S.D.2001).

**5.** § 528.030.

**6.** *Thomas v. Lloyd,* 17 S.W.3d 177, 187 (Mo. App. S.D.2000) (quoting *Von Behren v. Oberg,* 902 S.W.2d 338, 340 (Mo.App. E.D.1995)).

**7.** 902 S.W.2d 338 (Mo.App. E.D.1995).

**8.** *Id.* at 340.

**9.** § 528.030.

the cotenant for repairs, improvements, taxes and other expenses related to the property.[10] The general rule for the division of property under a partition action based on contribution is this:

> There is a presumption that if the deed does not specify the respective shares, co-tenants "take equal undivided interests" in the property, "but this presumption may be rebutted by proof, e.g., that the cotenants contributed unequal amounts toward the purchase of the property and there is neither a family relationship among the co-tenants nor any evidence of donative intent on the part of those who contributed more than their pro rata amounts towards the purchase price." [11]

Moreover, "the presumption of equality may be rebutted for purposes of determining the share of each cotenant in a partition action, whether the concurrent estate is a joint tenancy or a tenancy in common." [12]

Although the trial court found that Mr. Lemay contributed one hundred percent of the purchase price of the property, it also found that Ms. Hardin contributed $3,875 to the real estate and awarded her that amount as compensation for her contribution. Partition does not allow for such a remedy. In order to reconcile the contribution dilemma, absent a counterclaim in *quantum meruit* for reimbursement of Ms. Hardin's improvements and repairs, the statute grants the trial court the authority to order the property sold and for a division of the proceeds, which would provide for Ms. Hardin's reimbursements. We agree that the remedy the trial court ordered is fair and equitable based on the evidence presented in this case, but partition does not provide for the relief granted in this case.

Perhaps an action in quiet title would have been more appropriate for the relief granted. Section 527.150, governing actions involving land titles, states:

> 1. Any person claiming any title, estate or interest in real property, whether the same be legal or equitable, certain or contingent, present or in reversion, or remainder, whether in possession or not, may institute an action against any person or persons having or claiming to have any title, estate or interest in such property, whether in possession or not, to ascertain and determine the estate, title and interest of said parties, respectively, in such real estate, and to define and adjudge by its judgment or decree the title, estate and interest of the parties severally in and to such real property.
>
> 2. And upon the trial of such cause, if same be asked for in the pleadings of either party, the court may hear and finally determine any and all rights, claims, interest, liens and demands, whatsoever of the parties, or of any one of them, concerning or affecting said real property, and may award full and complete relief, whether legal or equitable, to the several parties, and to each of them, as fully and with the same force and effect as the court might or could in any other or different action brought by the parties, or any one of them, to en-

10. *Christen,* 38 S.W.3d at 492.

11. *Id.* (quoting *Montgomery v. Roberts,* 714 S.W.2d 234, 236 (Mo.App. E.D.1986)). In *Christen,* two half-brothers purchased property as joint tenants, but one brother contributed one hundred percent of the purchase price. Despite the unequal contributions of the parties, the trial court awarded each brother equal proceeds from the sale of the property. The appellate court affirmed because of the family relationship.

12. Roger A. Cunningham et al., *The Law of Property* § 5.13 (2d Ed.1993) (footnotes omitted).

force any such right, claim, interest, lien or demand, and the judgment or decree of the court when so rendered shall be as effectual between the parties thereto as if rendered in any other, different or separate action prosecuted therefor.

This remedy would allow Mr. Lemay to keep the property and give the trial court the authority to enter judgment in favor of Ms. Hardin for her contributions to the property.

We, therefore, reverse and remand this cause with directions for the trial court to allow the parties to amend their pleadings to add a claim for quiet title, *quantum meruit,* or other appropriate causes of action.

## CONCLUSION

Accordingly, we reverse and remand with directions consistent with this opinion.

JOSEPH M. ELLIS, Judge and
RONALD R. HOLLIGER, Judge, concur.