Before THOMAS H. NEWTON, P.J., ROBERT G. ULRICH and EDWIN H. SMITH, JJ.

**ORDER**

PER CURIAM.

Timothy W. Williams was convicted of first-degree assault, section 565.050 RSMo (1998), and armed criminal action, section 571.015, RSMo (1998), and was sentenced to fifteen years and ten years in custody respectively. The judgment is affirmed. Rule 30.25(b).

■

**Doyal LEMAY, Respondent,**

v.

**Esther HARDIN, Appellant.**

**No. WD 60957.**

Missouri Court of Appeals,
Western District.

May 27, 2003.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 1, 2003.

Dennis Owens, Kansas City, MO, for Respondent.

Richard L. Colbert, Kansas City, MO, for Appellant.

Before LOWENSTEIN, P.J., and SMART and EDWIN H. SMITH, JJ.

EDWIN H. SMITH, Judge.

Esther Hardin appeals from the trial court's order granting summary judgment to the respondent, Doyal Lemay, on his petition to quiet title to real property and the appellant's counterclaim for breach of promise to marry.

The appellant raises two points on appeal. We dismiss for failure to comply with the briefing requirements of Rule 84.04.[1] The respondent's motion for sanctions for frivolous appeal is denied.

## Facts

During a period of time in the 1990s, the appellant and the respondent were involved in a romantic relationship. At some point they separated, and the respondent married another woman. The respondent later obtained a divorce.

After his divorce, the respondent sold his house and used the proceeds to purchase real property located at 10900 East 97th Terrace, Kansas City, Jackson County, Missouri. Thereafter, the respondent reconciled with the appellant, and, in contemplation of marriage, placed his name and her name on the deed to the property as joint tenants with the right of survivorship. However, following a disagreement with the appellant, the respondent later requested that she execute a quitclaim deed to the property, which she refused.

The respondent filed a petition for partition in the Circuit Court of Jackson County. The case proceeded to a bench trial, and the trial court found, *inter alia*, that the respondent had paid the entire purchase price of the property, but that the appellant had contributed to the home by painting and cleaning it. The trial court determined that the respondent was the owner of the property and awarded it to him, but ordered him to pay $3,875 to the appellant for her contributions to the home. The appellant appealed the trial court's decision to this court.

In *Lemay v. Hardin*, 48 S.W.3d 59 (Mo. App.2001), we addressed the appellant's claim that the trial court's judgment misapplied the law of partition in that the property must be sold, and the proceeds divided between the joint tenants, if the land is not capable of being partitioned in kind. We found, *inter alia*, that the trial court had no authority to determine the ownership of the property and award monetary damages to the appellant for her contributions to the property when the court was only presented with a petition for partition where there was no counterclaim for *quantum meruit*. *Id.* at 62. We noted that an action to quiet title would have been a more appropriate claim from which the trial court could grant the relief it did in this case. *Id.* at 63. As such, we "reverse[d] and remand[ed] this cause with directions for the trial court to allow the parties to amend their pleadings to add a

1. All rule references are to the Missouri Rules of Civil Procedure (2003), unless otherwise indicated.

claim for quiet title, *quantum meruit,* or other appropriate causes of action." *Id.* at 64.

On remand, the trial court allowed the respondent to amend his petition to assert a claim to quiet title to the property. The appellant, in her answer to the respondent's amended petition, filed a counter-claim for breach of promise to marry. On November 2, 2001, the respondent filed a motion for summary judgment and suggestions in support thereof on his claim to quiet title and on the appellant's counter-claim for breach of promise to marry. The appellant filed her response to the respondent's motion on November 28, 2001. A hearing on the respondent's motion for summary judgment was held on December 20, 2001. On January 9, 2002, the trial court granted summary judgment to the respondent on his claim to quiet title and on the appellant's counterclaim for breach of promise to marry. The trial court ordered the appellant to execute a quitclaim deed to the property and ordered the respondent to pay $3,875 to the appellant for her contributions to the property.

This appeal follows.

## I.

■ Before addressing the merits of the appellant's claims of error, we first must address the respondent's contention that the appellant's amended brief fails to comply with the briefing requirements of Rule 84.04.

■ Rule 84.04(d), which sets forth the requirements of a valid point relied on, reads:

(1) Where the appellate court reviews the decision of a trial court, each point shall:

(A) identify the trial court ruling or action that the appellant challenges;

(B) state concisely the legal reasons for the appellant's claim of reversible error; and

(C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.

The point shall be in substantially the following form: "The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*]."

" 'Thus, the rule requires that each point relied on: (1) identify the trial court's ruling or action that the appellant is challenging on appeal; (2) state the legal reasons for the appellant's claim of reversible error; and (3) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.' " *Wilson v. Carnahan,* 25 S.W.3d 664, 666 (Mo.App.2000) (*quoting Hall v. Mo. Bd. of Prob. & Parole,* 10 S.W.3d 540, 543 (Mo.App.1999)). " 'The function of this rule is to give notice to the opposing party of the precise matters which must be contended with and to inform the court of the issues presented for review.' " *Id.*

The appellant's two points relied on read:

I. The trial court erred by granting summary judgment for respondent because it misapplied the law applicable to Rule 74.04(c) which requires the filing of a legal memorandum explaining why summary judgment should be granted and respondent's legal memorandum stated that the Law of the Case required that the trial court was bound by its own previous Judgment which was not applicable to cases remanded with directions such as this cause.

II. The trial court erred in granting summary judgment for respondent after allowing him to include in his Amended Petition to Quiet Title and Support pleading issues that were not litigated during the trial because the admission of such pleadings exceeded the trial court's jurisdiction and misapplied the law in that the trial court's jurisdiction on remand with direction was to allow amendment of his pleadings to add a prayer to quiet title and not by amending respondent's pleading by adding allegations not litigated in the initial trial.

Both of the appellant's points are deficient in that they fail to sufficiently set forth the legal reasons for her claims of reversible error, and they fail to explain why, in the context of the case, the legal reasons alleged in the points relied on support the appellant's claims of reversible error. At best, the appellant's points are nothing more than abstract statements of the law, which, "standing alone, do not comply with [Rule 84.04]." Rule 84.04(d)(4).

■ It is well settled that a "point relied on written contrary to the mandatory requirements of Rule 84.04(d), which cannot be comprehended without resorting to other portions of the brief, preserves nothing for appellate review." *State v. Dodd,* 10 S.W.3d 546, 556 (Mo.App.1999). Here, our review of the other portions of the appellant's brief, including her argument as to each point, does not aid us in comprehending the claims of error that she is attempting to raise on appeal. The argument as to both of the appellant's points is wholly undeveloped such that we deem it abandoned. *Eagle ex rel. Estate of Eagle v. Redmond,* 80 S.W.3d 920, 924 (Mo.App. 2002).

■ The appellant's brief is deficient in several other respects. In addition to her deficient points relied on, the appellant also failed to set forth the applicable stan-

dard of review in the argument portions of her brief, as required by Rule 84.04(e). Although the appellant included in her arguments to both points that the appellate court is to "view ... the evidence in the light most favorable to the party against whom [summary] judgment was entered," this in itself is an incomplete and insufficient standard of review for claims of error arising from a trial court's order granting summary judgment.

■ The appellant also violated the briefing requirement of Rule 84.04(c) that the statement of facts be a "fair and concise statement of the facts relevant to the questions presented for determination without argument." The appellant's statement of facts does not provide a concise statement of all the facts necessary to resolve the issues she purportedly attempts to raise in her appeal, and the facts she did provide are substantially argumentative in nature. The failure of an appellant to provide a fair and concise statement of facts is a sufficient basis upon which to dismiss an appeal. *Finnical v. Finnical,* 81 S.W.3d 554, 559 (Mo.App. 2002).

■ Where, as here, the briefing deficiencies are so substantial that the appellate court, in order to conduct any review, would be forced to speculate not only as to the claims being raised, but as to the facts and arguments being relied on in support of the same, we have no choice but to decline review. *Stickley v. Auto Credit, Inc.,* 53 S.W.3d 560, 562–64 (Mo.App.2001).

**Respondent's Motion for Sanctions**

■ The respondent filed a motion with this court, pursuant to Rule 84.19, seeking sanctions against the appellant for filing a frivolous appeal. " 'An appeal is frivolous if it presents no justiciable question and is so readily recognizable as de-

void of merit on the face of the record that there is little prospect that it can ever succeed.'" *White v. Darrington*, 91 S.W.3d 718, 723 (Mo.App.2002) (*quoting Tower Props. Co. v. Allen*, 33 S.W.3d 684, 687 (Mo.App.2000)). The purpose of awarding damages for frivolous appeals under Rule 84.19 is: (1) to prevent the congestion of appellate court dockets with cases devoid of merit which, by their presence, contribute to delaying resolution of cases with merit; and (2) to compensate respondents for incurring expenses defending judgments against meritless issues. *Id.* However, sanctions for frivolous appeals are imposed with extreme caution to avoid chilling an appeal of even slight, colorable merit. *Id.*

The failure to comply with the rules governing briefs does not, by itself, render an appeal frivolous. *Nolfo v. Dubin*, 861 S.W.2d 136, 139 (Mo.App.1993). Here, although the appellant's brief is deficient in several respects, as we discuss *supra*, we cannot conclude from the record before us that the appeal was frivolous.

## Conclusion

The appeal is dismissed for failure to comply with the briefing requirements of Rule 84.04. The respondent's motion for sanctions for frivolous appeal is denied.

LOWENSTEIN, P.J., and SMART, J., concur.