Diana **BOYD, Respondent,**

v.

Clarence **BOYD, Appellant.**

No. WD 62881.

Missouri Court of Appeals,
Western District.

May 28, 2004.

Lloyd Koelker, Kansas City, MO, for Appellant.

Catherine A. Donnelly, Kansas City, MO, for Respondent.

Before: LOWENSTEIN, P.J., and EDWIN H. SMITH and HOWARD, JJ.

EDWIN H. SMITH, Judge.

Clarence Boyd appeals the judgment of the Circuit Court of Jackson County dissolving his marriage to the respondent, Diana Boyd, with respect to its award to her of modifiable maintenance, under § 452.335.[1]

The appellant raises one point on appeal. We dismiss the appeal for failure to substantially comply with the briefing requirements of Rule 84.04.[2]

---

1. All statutory references are to RSMo, 2000, unless otherwise indicated.

2. All rule references are to the Missouri Rules of Civil Procedure (2004), unless otherwise indicated.

### Facts

The parties were married on July 2, 1988, in Kansas City, Missouri. No children were born of the marriage.

On September 6, 2002, the respondent filed a petition for dissolution of marriage in the Circuit Court of Jackson County, Missouri. In her petition, the respondent prayed, *inter alia,* for an award of spousal maintenance. On November 20, 2002, the appellant filed an answer and cross-petition for dissolution.

On April 22, 2003, the parties' petitions were taken up and heard. The parties were the only witnesses to testify. With respect to maintenance, the appellant testified that, for the past three years, he had worked as a truck driver for Midway Ford, where he earned $13.00–13.50 per hour. He further testified that he retired from Midway Ford in 2002 and was receiving $907 per month in Social Security benefits. However, he presented no evidence regarding his monthly needs. The respondent testified that her total monthly income was $1,260: $780 from Social Security disability benefits and $480 from part-time employment. She testified that she was limited to part-time work because she suffered from several medical conditions, including polymyositis, diabetes, asthma, and high blood pressure. She testified that her monthly needs totaled $2,157.

On April 30, 2003, the trial court entered its judgment dissolving the parties' marriage and awarding the respondent $200 per month in modifiable maintenance. The judgment included the following findings:

7. [Respondent] works two days per week for My House. She earns $480 per month. Her social security number is [ ].[She] receives disability benefits of $780.00 per month. [She] is not able to work full time because of her medical conditions.

[Her] earnings do not cover her monthly expenses.

8. [Appellant] retired from Midway Ford in 2002. He was a truck driver earning $13.00 per hour. He receives $907 per month in social security benefits. He is capable of reemployment with Midway Ford and or earning $13.00 an hour. He is capable of meeting his own needs and of paying [respondent] $200 per month in maintenance.

This appeal followed.

### I.

In his sole point on appeal, the appellant claims:

THE TRIAL COURT ERRED IN ORDERING HUSBAND TO PAY MAINTENANCE TO WIFE BECAUSE (A) THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT AN ORDER OF MAINTENANCE, AND (B) HUSBAND IS FINANCIALLY UNABLE TO MEET HIS OWN NEEDS IF HE ALSO PAYS MAINTENANCE, IN THAT WIFE HAS HIGHER INCOME THAN HUSBAND, HUSBAND IS AGE 65 AND ON SOCIAL SECURITY, WIFE PRESENTED NO MEDICAL OR OCCUPATIONAL EVIDENCE, WIFE IS AGE 54, AND THE COURT HAD NO EVIDENCE BESIDE [*sic*] WIFE'S TESTIMONY TO SUPPORT IT'S [*sic*] FINDINGS [*sic*] THAT HUSBAND COULD EARN $13 PER HOUR.

Before attempting to address the merits of the appellant's sole point on appeal, we must first address the obvious deficiencies of his brief to determine if we have jurisdiction to proceed. *See Finnical v. Finnical,* 81 S.W.3d 554, 557–58 (Mo.App.2002) (stating that substantial briefing deficien-

cies deprive appellate courts of jurisdiction).

Rule 84.04(d), governing proper points relied on, requires that each point:

(A) identify the trial court ruling or action that the appellant challenges;

(B) state concisely the legal reasons for the appellant's claim of reversible error; and

(C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.

The point shall be in substantially the following form: 'The trial court erred in [identify the challenged ruling or action], because [state the legal reasons for the claim of reversible error], in that [explain why the legal reasons, in the context of the case, support the claim of reversible error].'

" 'Thus, the rule requires that each point relied on: (1) identify the trial court's ruling or action that the appellant is challenging on appeal; (2) state the legal reasons for the appellant's claim of reversible error; and (3) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.' " *Wilson v. Carnahan*, 25 S.W.3d 664, 666 (Mo.App.2000) (quoting *Hall v. Mo. Bd. of Prob. & Parole*, 10 S.W.3d 540, 543 (Mo.App.1999)). " 'The function of this rule is to give notice to the opposing party of the precise matters which must be contended with and to inform the court of the issues presented for review.' " *Id.*

From the appellant's point relied on, we can ascertain that the ruling of the trial court being attacked is its award of maintenance to the respondent. As to the legal basis for his attack, it appears that the appellant is attacking the award on what he denominates as two legal bases: (A) "THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT AN ORDER OF MAINTENANCE, AND (B) HUSBAND IS FINANCIALLY UNABLE TO MEET HIS OWN NEEDS IF HE ALSO PAYS MAINTENANCE." The first basis, of course, is nothing more than a broad, general legal conclusion that does not focus our attention on any specific issue of maintenance that he claims was not supported by the record. It simply leaves it to our imagination as to what aspect of maintenance is not supported by the record. As to the second apparent legal basis for reversal of the maintenance award, it is nothing more than a conclusion by the appellant that he could not pay the amount of maintenance ordered. He does not tell us how the trial court erred with respect to his assertion as to his inability to pay. And, not surprisingly, without any specification as to his legal justification for reversal, the factual circumstances of his case recited in his point relied on do little, if anything, to enlighten us as to why, in the context of the case, the legal reasons given, whatever they may be, support his claim of reversible error. What we are left with are mere conclusions and abstract statements of the law that are not sufficient to meet the requirements of Rule 84.04(d) that a point relied on set out the legal bases for reversal and explain in summary fashion why, in the context of the case, reversal is mandated on the legal grounds asserted. Rule 84.04(d)(4); *see also Lemay v. Hardin*, 108 S.W.3d 705, 709 (Mo.App.2003).

The failure of the appellant to satisfy Rule 84.04(d), with respect to a proper point relied on, is a sufficient basis for us to dismiss his sole point on appeal. *State ex rel. Greene v. Greene*, 51 S.W.3d 537, 541 (Mo.App.2001). It is not proper for the appellate court to speculate as to the point being raised by the appellant and the supporting legal justification and circumstances. *Stickley v. Auto Credit, Inc.*, 53

S.W.3d 560, 563 (Mo.App.2001). To do so would cast the court in the role of an advocate for the appellant, which we cannot be. *Id.* Nonetheless, in keeping with our policy that we would prefer to rule on the merits, if possible, rather than dismiss for briefing deficiencies, *Cade v. State,* 990 S.W.2d 32, 36 n. 2 (Mo.App.1999), in an attempt to understand the appellant's claim, here, we will view it in light of his argument thereon, *see Lemay,* 108 S.W.3d at 709 (stating that, in attempting to ascertain the issue being raised by a deficient point relied on, the court would look to other portions of the appellant's brief).

 Reading the appellant's point in conjunction with his argument thereon, it would appear that he is arguing that the evidence is insufficient from which the trial court could find, as required, that the respondent was in "need" of maintenance and that the appellant had the ability to pay the maintenance award. Assuming that this is indeed the argument being made, and we are not absolutely certain of that, given the lack of specificity of the point relied on and the argument, the appellant's point still must be dismissed as failing to substantially comply with mandatory briefing requirements in that he fails to cite to the factual circumstances that support his argument and fails to fully develop his argument in his brief.

 Rule 84.04(i) requires citations to the record. "[C]ompliance with this Rule allows us to verify the evidence upon which a party relies in support of its argument; without such compliance, this court would effectively act as an advocate of the non-complying party[.]" *Lombardo v. Lombardo,* 120 S.W.3d 232, 247 (Mo.App. 2003). It is not the function of the appellate court to search the record to discover the facts that substantiate a point on appeal. *Wilson,* 25 S.W.3d at 667. Rule 84.04(e) also requires that an appellant's brief include an argument section that discusses the appellant's point on appeal. *Jenkins v. Manpower on Site at Proctor & Gamble,* 106 S.W.3d 620, 624 (Mo.App. 2003). We cannot act as an advocate for the appellant by supplying his argument. *Id.* "An argument should show how the principles of law and the facts of the case interact." *Id.* And, the failure to develop an argument results in our treating the appellant's point as abandoned. *Lemay,* 108 S.W.3d at 709.

The appellant's argument on his sole point on appeal is approximately 4.5 pages long, 2.5 pages being dedicated to a recitation of the point relied on and a quotation of § 452.335, governing maintenance awards. As to the remaining two pages of argument, the appellant does briefly discuss the law that a maintenance award must take into consideration the ability of the obligor to pay, § 452.335.2(8); *see also Hall v. Hall,* 118 S.W.3d 252, 256 (Mo.App. 2003). However, although apparently quoting the law concerning the respondent's burden to establish "need" for maintenance, he does not provide any citation to authority. As to the respondent's "need" for maintenance, the appellant does not make any real argument. He simply sets out a list of his conclusions as to the sufficiency of her evidence of need, stating:

> Wife presented no medical testimony or exhibits; no medical bills, no occupations documents or witnesses, no social security disability documents or evidence; no tax returns; no pay stubs or employment records.
>
> . . .
>
> Wife presented no testimony or evidence about her social security disability award. We don't know when it began. We don't know if her self-described medical conditions will likely improve or deteriorate.

His discussion falls far short of carrying his burden of citing to the record for factual support and citing legal authority supporting his argument concerning the insufficiency of the evidence of establishing the respondent's need for maintenance.

As to his ability to pay the maintenance award, the appellant argues that he could not pay the trial court's award of $200 per month based on his social security income of only $907 per month. However, the judgment of the trial court makes it clear that its award of maintenance was not based on the appellant's social security income, but on the court's imputation of income to the appellant, the court finding that he was capable of making $13 per hour given his employment with Midway Ford just prior to his retirement, which occurred a short time before trial. While the appellant argues generally that he was not capable of earning $13 per hour, he cites to no legal authority in support of his imputation argument. As noted, *supra,* Rule 84.04(d)(5) requires the appellant to cite to relevant authority supporting his claim or explain why none is available. *Rosehill Gardens, Inc. v. Luttrell,* 67 S.W.3d 641, 646–47 (Mo.App.2002). Hence, because the appellant failed to cite to relevant authority in support of his argument with respect to imputation of income, it is deemed abandoned. *Id.* at 647.

Also fatal to the appellant with respect to the briefing of his appeal is the fact that in making his argument that there is a lack of evidence in the record to support his ability to pay the trial court's maintenance award, he argues nothing with respect to his reasonable expenses. Obviously, in determining his ability to pay the award, the trial court was required to consider not only the appellant's income, but his reasonable needs as well. *Hall,* 118 S.W.3d at 256. Logically, one's ability to pay maintenance is not only a function of one's income, but one's reasonable needs. With respect to his reasonable needs, he makes no argument and points to nothing in the record. Hence, his argument with respect to his ability to pay the trial court's maintenance award is left undeveloped, such that it is deemed abandoned. *Lemay,* 108 S.W.3d at 709.

Where briefing deficiencies are so substantial that, in order to conduct any review, "we would be forced to speculate not only as to the claims being raised, but as to the facts and arguments being relied on in support of the same, we have no choice but to decline review." *Id.* Such is the case here. Essentially, the appellant has set out some general arguments as to why the trial court erred in awarding the respondent maintenance and has invited us to fill in the details. That we cannot do.

### Conclusion

The appellant's sole point on appeal is dismissed for failure to substantially comply with the briefing requirements of Rule 84.04.

LOWENSTEIN, P.J., and HOWARD, J., concur.