Chad A. LACK, Plaintiff–Respondent,

v.

Kasey PAYNE & Tony Pennington,
Defendants–Appellants.

No. 26125.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 9, 2004.

Motion for Rehearing or Transfer
Overruled Dec. 1, 2004.

Application for Transfer Denied
Jan. 25, 2005.

Thomas David Swindle, Swindle and Nunnery, Doniphan, MO, for Appellant.

Douglas R. Kennedy, Kennedy, Kennedy & Robbins, L.C., Poplar Bluff, MO, for Respondent.

PHILLIP R. GARRISON, Presiding Judge.

Kasey Payne, a/k/a Kasey Pennington, ("Payne") and Tony Pennington (referred to jointly as "Appellants") appeal from the judgment of the trial court quieting title to certain real property in Chad A. Lack ("Respondent").

In December 2000, Respondent and Payne became engaged to be married with their wedding planned for April 2001. In contemplation of their marriage, on March 14, 2001, the couple purchased thirty-nine

acres of land, that also contained a home, in Ripley County, Missouri. In order to purchase the property, the couple borrowed $4,000 from Payne's family and signed a promissory note and deed of trust for the remaining $77,600 of the purchase price. Both Payne and Respondent signed the promissory note and deed of trust, and they took title to the property as joint tenants with rights of survivorship. A couple of weeks after borrowing the money from Payne's family, Respondent paid it back in full.

Respondent and Payne lived in the house on the property for approximately three weeks after the purchase. In the middle of May 2001, Payne left the home of her own accord and broke off the engagement with Respondent. Both parties allege that they were physically abused by the other party before the break up. Respondent lived on the property for another sixteen months, until August 7, 2002, when the house was totally destroyed by fire. During this time, Respondent made all of the payments on the property, including insurance and taxes. He was also responsible for all of the upkeep of the property. Payne testified that she spent approximately twenty hours cleaning the house, and five hours stripping wallpaper, but made no other contribution to the home. During the time that Respondent lived there, he sold approximately $11,000 worth of timber off the property and retained all of those proceeds for himself.

Soon after ending the engagement, Payne began a relationship with Tony Pennington ("Pennington"). By August of 2001, Payne was living with Pennington and they have since married. At some point after Payne moved out, Payne's mother, Kay Hale, spoke with Respondent about removing Payne's name from the property. Payne also desired that her name be removed from the promissory note, deed of trust, and the property. Respondent made some attempt to refinance the property in his own name, but he could not afford the cost. Therefore, when the house burned in August of 2002, both Respondent and Payne were still responsible under the promissory note and deed of trust they originally executed.

Cameron Mutual Insurance paid off the entire debt remaining on the property at the time of the fire, in excess of $77,000. Surplus proceeds from the insurance were also paid, to Respondent and Payne jointly, in the amount of $4,425.87. Respondent contacted Payne regarding the insurance proceeds and he testified that he offered her half of the proceeds if she would sign the check. Respondent claims that she refused to sign it. Payne now claims an interest in the insurance proceeds and the property itself.

Count I of this suit was Respondent's claim against Appellants to quiet title to the property in his name. Count II was Respondent's claim against Payne for damages for breach of her promise to marry him and for refusing to remove her name from the title to the property, and in which he also sought a judgment ordering that all of the Cameron Mutual proceeds be paid to him. Count III was a claim against Appellants in which Respondent sought an order partitioning the property, ordering that Appellants deed their interest in the property to Respondent, and ordering that the proceeds of the Cameron Mutual policy be awarded to him. Payne filed a counterclaim seeking partition of the property. Following a bench trial, the trial court entered its "Findings of Fact, Conclusions of Law, and Judgment" finding for Respondent and quieting title to the property in his name, and awarding him the entire amount of the insurance proceeds, minus $45 for Payne's five hours spent stripping wallpaper at $9.00 per

hour, which it ordered paid to Payne. It also dismissed Respondent's claims stated in Counts II and III, as well as Payne's claim for partition.[1] This appeal followed.

■ The standard of review for court-tried cases is well established. The judgment of the trial court will be sustained "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).[2]

■ In their first point on appeal, Appellants claim that the trial court erred when it dismissed Payne's claim for partition and quieted title to the property in Respondent. Appellants claim that Payne had an absolute right to a partition suit pursuant to Section 528.030[3] in that she took ownership of the property as a joint tenant with the right of survivorship.

■ Section 528.030 provides, in pertinent part:

In all cases where lands, tenements or hereditaments are held in joint tenancy ..., it shall be lawful for any one or more of the parties interested therein, whether adults or minors, to file a petition in the circuit court of the proper county, asking for the admeasurement and setting off of any dower interest therein, if any, and for the partition of the remainder, if the same can be done without great prejudice to the parties in interest; and if not, then for a sale of the premises, and a division of the proceeds thereof among all of the parties, according to their respective rights and interests.

In accordance with the statute, it is clear that joint tenants have an absolute right to partition in the absence of an agreement not to do so. *Stout v. Stout*, 564 S.W.2d 89, 90 (Mo.App.1978). Appellants, however, cite no authority for the proposition inherent in their point relied on, that partition is required even if ownership of the property is in issue in a claim for quiet title.

■ It should be noted that Section 528.030 provides for partition among "parties interested therein." Thus, partition is appropriate when the trial court is asked to divide the interests of the property where ownership is not at issue. *Lemay v. Hardin*, 48 S.W.3d 59, 62 (Mo.App. W.D. 2001). In the instant case, ownership was in issue by reason of Respondent's Count I seeking a judgment quieting title to the property in himself.

*Lemay* is factually similar to the instant case in many ways. There, Mr. Lemay and Ms. Hardin took title to the subject property as joint tenants with the right of survivorship in contemplation of a marriage that never occurred. *Id.* at 60. The property was totally paid for by Mr. Lemay, but Ms. Hardin contributed to the home by painting and cleaning it. *Id.* at 61. Mr. Lemay filed a partition action that resulted in a judgment awarding Ms. Hardin $3,875 for her contribution, by way of services, to the purchase of the property, but awarded Mr. Lemay one hundred percent of the property. *Id.* Like the instant case, Ms. Hardin contended that the trial court was obligated by Chapter 528 and Rule 96.08 to order the property sold if it could not be divided in kind

---

**1.** There is no issue on this appeal about the "dismissal" of those claims.

**2.** *Murphy* interpreted the provisions of Rule 73.01(c). The provisions of that rule now appear in essentially the same form in Rule

84.13(d), Missouri Rules of Civil Procedure (2004). All references to rules are to Missouri Rules of Civil Procedure (2004).

**3.** All statutory references are to RSMo (2000) unless otherwise noted.

without prejudice, but the trial court, without dividing the property, determined who owned it. *Id.* Thus, the appellate court stated that "[p]artition is appropriate when the trial court is asked to divide the interests of the property where ownership is not at issue." *Id.* at 62. The appellate court concluded that the trial court did not have authority, in a partition suit, to grant the relief that it did, and that to do so, a quiet title action pursuant to Section 527.150 would have been more appropriate and would have permitted the result reached by the trial court. *Id.* at 63–64. The case was remanded with directions to permit amendment of the pleadings to include a claim for quiet title. *Id.* at 64.

The trial court here referred to *Anderson v. Stacker,* 317 S.W.2d 417 (Mo. 1958), in its judgment. There, Mr. Anderson and Ms. Stacker, in contemplation of marriage, took title to the subject property in the names of "Kenneth B. Anderson and Bertha A. Anderson, his wife." *Id.* at 418. Mr. Anderson made the down payment as well as all payments on the notes secured by two deeds of trust that were executed by both he and Ms. Stacker. *Id.* Mr. Anderson later filed suit asking that the court determine title to the property and decree him to be the sole owner. *Id.* Ms. Stacker filed a counterclaim seeking partition. *Id.* at 418–19. The trial court entered a decree quieting title in Mr. Anderson and dismissed Ms. Anderson's counterclaim for partition. *Id.* at 419. The Supreme Court of Missouri affirmed the trial court subject to an adjustment for $300 Ms. Stacker spent for repairs on the property. *Id.* at 421.

It is thus apparent that the premise of Appellants' first point, i.e., that the trial court must order partition even if there is an issue about ownership is not well taken. We find no error with the trial court's decision to quiet title to the property in-

stead of partitioning it. Payne's partition claim did not preclude the trial court from finding, on the merits, that title should be quieted in Respondent. Point one is denied.

■ In their second point, Appellants claim that the trial court erred when it found that Payne only contributed $45 towards the acquisition of the property. Appellants claim that Missouri law requires that each co-tenant who signs a note and deed of trust is to receive credit for one-half of the mortgage amount financed when determining co-tenants' interests in a partition suit. Appellants claim that because Payne signed the note and deed of trust, she is entitled to proceeds from a partition sale according to her rights and interests in the property. Appellants appear to be assuming that they have a right to a partition sale of the property as opposed to the trial court's judgment quieting title in the name of Respondent. Appellants then discuss several methods by which the appellate courts have apportioned property in partition actions.

Respondent claims that the principles on which Appellants rely in claiming that they are entitled to a portion of the proceeds of a partition sale were used in partition causes of action and are not applicable in quiet title actions. Respondent notes that the trial court may grant quiet title relief under both legal and equitable principles. *See Massachusetts Gen. Life Ins. Co. v. Sellers,* 835 S.W.2d 475, 482 (Mo.App. S.D. 1992). Respondent argues that the trial court made the proper determination, within its equitable discretion, to ensure a fair and just outcome.

Appellants' second point is not well taken. We have already determined that the trial court did not err in choosing to quiet title to the property rather than partition it. Since title was quieted in Respondent, partition would not be appropriate here.

Therefore, it is irrelevant to this case which method must be used to determine how the proceeds of a partition sale would be distributed. Appellants' second point is denied.

■ In Appellants' third point, they claim that the trial court erred when it allowed Respondent to keep the sum of $11,200, all of the proceeds from the sale of timber, and the balance of the insurance proceeds, $4,425.87, because Payne owned and was entitled to an undivided one-half interest in that timber and proceeds.

■ Appellants, however, fail to argue their point relied on, nor do they cite any authority in support of this point, simply reciting the appropriate standard of review. When a party fails to develop a point relied on in the argument section, it is deemed abandoned. *Jansen v. Westrich*, 95 S.W.3d 214, 218 (Mo.App. S.D. 2003). "Under Rule 84.04(d), it is an appellant's obligation to cite appropriate and available precedent if he expects to prevail." *Shiyr v. Pinckney*, 896 S.W.2d 69, 71 (Mo.App. S.D.1995). Where there is no authority available, the party should explain the absence of citations. *Id.* Therefore, Appellants' third point is deemed abandoned and denied.

■ Appellants filed a reply brief which attempted to remedy the errors of the original brief. Respondent moved to have the reply brief stricken, as well as pages twenty-one and twenty-two from Appellants' initial brief. Rule 84.04(g) only allows reply briefs that do not reargue points covered in the appellant's initial brief. Furthermore, "[p]oints and arguments omitted from an appellant's initial brief may not be supplied by a reply brief." *Coyne v. Coyne*, 17 S.W.3d 904, 906 (Mo.App. E.D.2000). We grant the motion as to Appellants' reply brief, but find it unnecessary to strike pages twenty-one and twenty-two of Appellant's initial brief because we find Appellants' third point relied on to be abandoned.

We affirm the trial court's judgment quieting title in Respondent.

PREWITT and RAHMEYER, JJ., concur.