**James CORRIGAN, Appellant,**

v.

**Lidiya CORRIGAN, Respondent.**

**No. ED 89728.**

Missouri Court of Appeals, Eastern District, Division One.

March 25, 2008.

---

1. All rule references are to Mo. Rules Civ. P. (2007) unless otherwise indicated.

Susan K. Roach, Shaun M. Falvey, Clayton, MO, for appellant.

John Bleckman, Clayton, MO, for respondent.

Before KATHIANNE KNAUP CRANE, P.J., ROBERT G. DOWD, JR., J., and KENNETH M. ROMINES, J.

PER CURIAM.

Appellant James Corrigan ("Husband") appeals from the judgment of dissolution of the Circuit Court of Jefferson County, the Honorable Robert G. Wilkins presiding. The court divided the parties' property and awarded Respondent Lidiya Corrigan ("Wife") $1,000.00 per month in non-modifiable maintenance for a period of two years. We dismiss Husband's appeal because his brief fails to substantially comply with the requirements of Missouri Rule of Civil Procedure 84.04.

### Discussion

Lack of compliance with Rule 84 can strip this Court of jurisdiction. *See In re Marriage of Shumpert,* 144 S.W.3d 317, 321 (Mo.App. E.D.2004); *Boyd v. Boyd,* 134 S.W.3d 820, 822–23 (Mo.App. W.D. 2004). If we cannot competently rule on the merits of an appellant's arguments without first reconstructing the facts and supplementing his legal arguments, then nothing is preserved for review. *Id.*

There are several instances in which Husband's brief does not comply with Rule 84.04, to wit: 1) His first point's argument contains merely a list of sixteen legal conclusions, with few citations to the record and only a string citation of cases at the end of the point with no explanation as to their particular applicability; 2) that same argument section does not track the point relied on and states additional conclusions not alluded to in the point relied on; 3) Husband's second point relied on lacks the third element required in the rule, namely, explaining why the legal reasons, in the context of the case, support the claim of reversible error, Rule 84.04(d)(1); and 4) his second point's argument again consists

of legal conclusions with no citations to case law besides cases reiterating the standard of review.

While this Court does have a preference for ruling on the merits despite deficiencies in the form of Points Relied On, *Boyd*, 134 S.W.3d at 823, Husband's argument of those points do not allow us to do so. Husband merely points us to testimony and then expects us to conclude that it was incredible and the trial court abused its discretion. He does not develop his arguments nor show us why legally we should make the same conclusions he has. We find ourselves in the position of having to articulate his legal arguments and find support for them, which is not within our province. Thus, Husband has preserved nothing for review.

DISMISSED.